## DANCSECZ v. CARNEGIE–ILLINOIS STEEL CORP. et al.
### Civ. A. 9248.

District Court of the United States W. D. Pennsylvania.

July 5, 1951.

Chad L. John, Strong and Strong, of Uniontown, Pa., for plaintiff Joseph Dancsecz.

H. E. McCamey, Dickie, McCamey, Chilcote, Reif & Robinson, of Pittsburgh, Pa., for defendant Carnegie-Illinois Steel Corporation.

H. Fred Mercer, Jr., Mercer & Buckley, of Pittsburgh, Pa., for defendants Atlantic Freight Lines, Inc., Mike Bernot, and Joseph Comito.

BURNS, District Judge.

Plaintiff concedes that Carnegie-Illinois Steel Corporation must be eliminated as a party defendant, since both plaintiff and that corporation are citizens of New Jersey and federal jurisdiction here is asserted on the basis of diversity of citizenship.

After filing the instant complaint in this district, plaintiff now seeks a change of venue to New Jersey, where he resides and where the accident occurred. The defendants still in the case oppose the motion. I shall not attempt to decide the question left unanswered in Paramount Pictures v. Rodney, 3 Cir., 1951, 186 F.2d 111, 115, certiorari denied 1951, 340 U.S. 953, 71 S. Ct. 572, viz., whether the removal provisions of the Code give this Court power to order transfer of this case to New Jersey, when the individual defendants are not subject to service in that state and are objecting to such removal. It is sufficient to note that the convenience to plaintiff in trying the suit in New Jersey is balanced by the convenience to the individual defendants in having the proceedings near their homes and witnesses, and that plaintiff already has a similar action pending against defendant Atlantic Freight Lines in the federal district court of New Jersey. Plaintiff has shown no adequate reason for imposing the additional burden of a distant forum on the individual defendants whom, after all, he elected to sue in this Court.