### RINALDI et al. v. THE ELISABETH BAKKE.

No. 26046.

United States District Court
N. D. California, S. D.

Oct. 20, 1952.

Thatcher, Jones, Casey & Ball, San Francisco, Cal., for libelants.

Lillick, Geary, Olson, Adams & Charles, San Francisco, Cal., for respondent.

ROCHE, Chief Judge.

This matter comes before this court on respondent's motion to dismiss the libel, exceptions to the libel, and mandate to show cause why the attachment of the vessel by the Marshal for the Northern District of California should not be vacated. Each raises the issue of this court's jurisdiction. The case comes here by transfer from the United States District Court for the Southern District of New York in which the libel in personam and in rem for cargo damage was filed on March 30, 1950.

The record discloses that the in personam respondents were certain Norwegian corporations who appeared on the bill of lading as owners of the respondent ship which at that time was operating out of the Port of New York. Service of process was had on the in personam respondents. Some months later these respondents filed an answer, later supplemented by an affidavit (dated September 25, 1951), stating that they were not the owners or operators of the respondent vessel and that their names on the bill of lading were a mistake and unauthorized. By the time libelants had been advised of this the vessel had transferred operations to the Pacific and was no longer subject to arrest in the Southern District of New York. Accordingly, on September 27, 1951, libelants filed

a motion before the Honorable Irving R. Kaufman, Judge of the District Court for the Southern District of New York, for an order transferring the in rem proceedings to the Northern District of California, where the vessel could be found and seized. After a hearing, Judge Kaufman made a verbal order granting libelants' motion for transfer, conditioned upon a mutual agreement that libelants would discontinue the in personam proceedings. The in personam proceedings were discontinued. Before the written order was prepared, however, the in rem respondent appeared specially by the same proctors who represented the in personam respondents and obtained a show cause order from the Honorable E. J. Dimock, also of the Southern District of New York, challenging the New York Court's jurisdiction of the respondent vessel and seeking dismissal of the libel. After hearing, Judge Dimock held that the District Court for the Southern District of New York did have jurisdiction sufficient for venue or transfer purposes.

The question was again raised by proctors for the respondent vessel who, on February 5, 1952, obtained an order to show cause from the Honorable Thomas F. Murphy of the Southern District of New York for reargument on Judge Kaufman's verbal order for transfer of the in rem proceedings. This effort was unsuccessful and on February 18, 1952, Judge Kaufman signed a formal order transferring the in rem proceedings to the Northern District of California. The vessel has since been seized and a release of libel bond posted.

It is apparent from the foregoing that not one but three District Judges have considered the jurisdictional question that respondent vessel has raised before this court. Respondent is thus seeking, in effect, to have this court assume the role of an appellate court in re-examining the question. This, by reason of the principle of comity and considerations for the orderly functioning of the judicial process, this court declines to do. Should this court ignore the considered judgment of the New York judges and transfer the proceedings back to the Southern District of New York, they would be under no compulsion to accept the transfer. To paraphrase the language of Chief Judge Leahy in Gulf Research & Development Co. v. Schlumberger Well Surveying Corp., D.C., 98 F. Supp. 198, under such circumstances this case could conceivably shuttle back and forth interminably between California and New York. Such an eventuality should be avoided.

It follows, therefore, that respondent's motion to dismiss the libel is denied, the exceptions to the libel are overruled, and the mandate to show cause is dismissed, and it is so ordered.