**INTERNATIO–ROTTERDAM, Inc.**

v.

**THE KARACHI et al.**

**GESAMER CORP.**

v.

**THE KARACHI et al.**

**INTERMARES CORP.**

v.

**THE KARACHI et al.**

Adm. Nos. 3635, 3636, 3638.

United States District Court, D. Maryland.

June 9, 1954.

38

Lord, Whip & Coughlan (George W. P. Whip) Baltimore, Md., Bailey & Muller, New York City, for Internatio-Rotterdam, Inc., libelant in No. 3635.

Lord, Whip & Coughlan (George W. P. Whip) Baltimore, Md., Bigham, Engler, Jones & Houston, New York City, for Gesamer Corp., libelant in No. 3636.

Robert H. Williams, Jr., Baltimore, Md., Hill, Rivkins, Middleton, Louis & Warburton, New York City for Intermares Corp., libelant in No. 3638.

John H. Skeen, Jr., Baltimore, Md., Nelson, Healy, Baillie & Burke, New York City, for claimants in all cases.

THOMSEN, District Judge.

These three cases are before the court on exceptions filed by the claimants of the S. S. Karachi, contending in each case that it appears from the libel and the exceptive allegations that this court is without jurisdiction in the cause, and praying that the libel be dismissed.

The exceptive allegations in each case are that the libel was originally filed in the United States District Court for the Southern District of New York (hereinafter called the New York District Court) and transferred to this court by order of the New York District Court, that the S. S. Karachi was never found, attached or arrested within the Southern District of New York, and that the District Court for said District never obtained jurisdiction to pass any order transferring the same to the District of Maryland.

It was agreed at the hearing that in each case a libel *in rem* on a cause of cargo loss or damage against the S. S. Karachi, and *in personam* against one or more corporations, was filed in the New York District Court within the time limit fixed by Section 3(6) of the Carriage of Goods by Sea Act, 46 U.S.C.A. § 1303(6), and that in each case the order to transfer the case to the District of Maryland was applied for and passed after the time limit fixed by that act had expired. It is therefore necessary to determine the purpose and effect of the orders to transfer, and the jurisdiction of the New York District Court to enter such orders.

No. 3635

In this case the libel and stipulation for costs were filed on November 13, 1953, in the New York District Court. No process of any sort was issued out of that court. On February 5, 1954, libelant filed an affidavit stating that it had been unable to attach any funds of the respondents in New York and that the Karachi would be at the Port of Baltimore within the next ten days. The affidavit requested "that this Admiralty case be transferred to the United States District Court of Maryland in Baltimore in order that we may proceed directly against the vessel".

On the same day the New York District Court, Noonan, J., entered the following order. The words in double brackets were included in the draft of the order presented to Judge Noonan but were stricken out by him.

"No appearance or answer having been filed and no process issued, Now upon reading the annexed affidavit of Donald H. Serrell, [[and pursuant to Title 28, Sections 1404A and 1406 of the U.S.Code]] and upon motion of Bailey & Muller, it is hereby Ordered that this action be transferred to the United States District Court, District of Maryland, and it is further Ordered that the Clerk transmit the filed

papers in this action pursuant to General Rule 7 of this Court."

The papers were received in this court on February 9, 1954. The clerk issued an attachment and monition, the vessel was seized, and claimant corporations filed their claim. A stipulation for value was also filed.

### No. 3636

In this case process *in personam* was issued out of the New York District Court and the marshal of that court served "John Doe, adult person of the Continental-American Line Agency, Inc., as agents of" respondents. No appearance or answer on behalf of any respondent was served on proctors for libellant or filed with the clerk.

On February 8, 1954 libellants filed an affidavit in the New York District Court alleging the foregoing facts, and that the Karachi had not been in the port of New York since the libel was filed, that it rarely appears in any port in the United States, and that upon information and belief the vessel was expected to arrive in Baltimore on or about February 14, 1954. The affidavit continued as follows:

"That the interests of justice require that the vessel be made amenable to this action *in rem*. Libellant is now time barred from instituting a new action in Baltimore;

"That the decision of this Court in Rinaldi and others v. M/V 'Elisabeth Bakke' et al, 1952 A.M.C. 139, and the subsequent decision in the Northern District of California [D. C., 107 F.Supp. 975], 1952 A.M.C. 2032, on the same matter, are authority for the transfer of the present cause of action to the United States District Court for the District of Maryland, at Baltimore, out of which Court process *in rem* will soon be able to issue with some expectation of success. No other application for this relief has been made;

"Wherefore, deponent respectfully moves this Honorable Court to order the transfer of this action to the United States District Court for the District of Maryland."

Upon that affidavit the New York District Court, Noonan, J., ordered that this action be transferred to the United States District Court for the District of Maryland, and ordered the Clerk of the New York District Court, pursuant to Rule 7 of that Court, to forward the original papers to the Clerk of the Maryland District Court.

The proceedings in this court have been similar to those in No. 3635.

### No. 3638

In this case no process was issued out of the New York District Court. The affidavit, except for the allegation that no process had been issued, was essentially the same as the affidavit in No. 3635, and the order of the New York District Court, McGohey, J., was the same as the order in No. 3636.

The proceedings in this court have been similar to those in No. 3635.

In none of the cases did the New York District Court file an opinion. Rule 7 of that court, referred to in each of the orders, is as follows:

"Rule 7. *Transfer of Cases to Another District*. In a case ordered transferred from this district, the clerk, unless otherwise ordered, shall promptly mail to the court to which the case is transferred (1) certified copies of the court's opinion ordering the transfer, of its order thereon, and of the docket entries in the case, and (2) the originals of all papers on file in the case. Note—This rule is new and is necessitated by 28 U.S.C. §§ 1404, 1406, which are new. The rule provides for the practice now followed by the clerk under these sections, and now and heretofore under Sec. 118 (Chapter X) of the Bankruptcy Act."

Proctors for all of the parties agreed at the hearing that the orders should

not be considered mere ministerial orders, directing that the papers be transferred to this district for filing as new suits. The orders themselves and the motions and affidavits upon which they were entered are apparently based upon an assumption that the court had authority to transfer existing cases, not merely to transmit papers to Maryland so that new suits could be filed or brought here. Claimants concede that the orders purport to transfer to the District of Maryland existing suits, over which the New York District Court had sufficient jurisdiction to enter the orders. Claimants contend, however, that since the vessel was never found, attached or arrested within the Southern District of New York, the District Court for that district never acquired jurisdiction.

Libelant in No. 3638 states the questions involved as follows:

"1. Does the filing of the libel in the Southern District of New York give that court such jurisdiction over the cause as to prevent the cause being time-barred even though the arrest of the vessel may be subsequent to the running of the period of limitations?

"2. If so, does the Southern District of New York have such jurisdiction over the cause as to pass an order transferring the venue of the libel to another district so that process may be issued and a monition served upon the vessel?"

It has been held in a number of cases under the Carriage of Goods by Sea Act that the filing of the libel constitutes the bringing of the suit within the meaning of 46 U.S.C.A. § 1303(6), even though process is not issued until much later. Ore S.S. Corp. v. D/S A/S Hassel, 2 Cir., 137 F.2d 326, 329 and cases there cited; United Nations Relief & Rehabilitation Adm. v. The Mormacmail, D.C.S.D.N.Y., 99 F.Supp. 552. In those cases, however, process was issued out of the same court in which the libel had been originally filed.

In our cases, the questions remain: (1) On the state of the record in the New York District Court at the time the orders of transfer were entered, did that Court have such jurisdiction over the causes that it could enter an order transferring the existing suits to another district? (2) Does any statute or any principle of the law of admiralty authorize such transfer?

Benedict on Admiralty, 6th Ed. (A. S. Knawth) states in Sec. 239: "Jurisdiction of the subject matter of a case within the admiralty and maritime jurisdiction is obtained by the Court on the filing of the libel." Section 242, under the heading "Venue—District in which Libel is Filed. General Admiralty Rule 22", contains the following statement:

"In suits *in rem*, the libel must allege that the property is within the district, or that it will be in the district while the libel is pending or during the currency of process; and if the property is in fact within the district and is there found and attached or arrested by the marshal, the jurisdiction in such district is complete. The District Court does not obtain jurisdiction if the property is attached or arrested outside the limits of the district, unless the claimant waives the irregularity of the property being outside the district."

In the cases at bar Libelants do not contend that the filing of the stipulations by claimants constitutes a waiver by claimants of any defect in the jurisdiction.

What is the nature of the incomplete or inchoate jurisdiction which an admiralty court has in a proceeding *in rem* after the libel is filed but before the vessel is arrested?

In Cooper v. Reynolds, 10 Wall. 308, 316, 19 L.Ed. 931, the court said: "By 'jurisdiction over the subject matter' is meant the nature of the cause of action and of the relief sought; and this is conferred by the sovereign authority

which organizes the court, and is to be sought for in the general nature of its powers, or in authority specifically conferred. Jurisdiction of the person is obtained by the service of process, or by the voluntary appearance of the party in the progress of the cause. Jurisdiction of the res is obtained by a seizure under process of the court, whereby it is held to abide such order as the court may make concerning it."

In Pacific Coast S.S. Co. v. Bancroft-Whitney Co., 9 Cir., 94 F. 180, at page 185, reversed on other grounds sub nom. The Queen of the Pacific, 180 U.S. 49, 21 S.Ct. 278, 45 L.Ed. 419, the court said:

"The jurisdiction of the court over the cause of action is different from its jurisdiction over the person or over the res. The jurisdiction acquired in the first case is obtained by service of process on the person; and in the second, by a seizure of the res. After the libel is filed, and process issued thereon, the court cannot proceed until, in the one case, the person has been served or appears, and, in the other, until there is an actual seizure of the res."

The specific question here is: Did the incomplete or inchoate jurisdiction which the New York District Court had in the cases at bar include the power to transfer the cases as existing suits to the District of Maryland, so that process might be issued here?

Historically, the answer to that question has been "No". At the hearing on the exceptions no one suggested any precedent for such action except the case of Rinaldi v. M/V Elisabeth Bakke, D.C.S.D.N.Y., 1952 A.M.C. 139; Id., D.C.N.D.Cal., 107 F.Supp. 975, 1952 A.M.C. 2032. That case was similar in many respects to the cases at bar. But in the Bakke case, although the ship was never found in New York, service of process issuing out of the New York District Court was made on the in personam respondents, who filed an answer denying that they were the owners or operators of the respondent vessel. Libelants thereafter filed a motion to transfer the case to the Northern District of California. A verbal order granting this motion appears to have been conditioned upon a mutual agreement that libelants would discontinue the in personam proceedings. Before the written order was prepared, the in rem respondent appeared specially by the same proctors who represented the in personam respondents, challenged the jurisdiction of the New York District Court, and sought dismissal of the libel. After hearing, a second judge denied this motion. An effort to secure a rehearing before a third judge on the verbal order for transfer was unsuccessful, and a formal order transferring the in rem proceedings to the Northern District of California was signed. On that record the California District Court declined to re-examine the jurisdictional question which had already been argued and decided by the New York judges.

The situation in the cases now before this court is quite different. In none of them had any appearance been entered for the ship or respondent, and all of the orders to transfer were entered ex parte, without opinion. I feel, therefore, that I must consider on its merits the question of jurisdiction.

The opinion of Judge Dimock in the Elisabeth Bakke case in the Southern District of New York, 1952 A.M.C. 139, which was the only published opinion of that court in that case, was rendered on the motion of the owners to dismiss the libel on the ground that the vessel was not within the district at the time of the filing of the libel and was not expected to be within the district during the pendency of process. Judge Dimock held that the motion was without foundation, saying:

"Whatever may be the rule in a case where a libel has lain dormant for a long time and there is no reasonable prospect of the execution of process, there is certainly no basis for dismissal here on the eve of a

transfer of the suit to the district where the execution of process is possible."

No reference was made to U.S.C. Title 28, §§ 1404(a) or 1406(a), nor to any precedent or authority for the order of transfer.

Proctors for libelants in the cases at bar could suggest no authority for the order to transfer in the Elisabeth Bakke case or for the orders to transfer in the cases at bar other than U.S.C. Title 28, §§ 1404(a) or 1406(a). These sections read as follows:

"1404. *Change of venue*

"(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

"1406. *Cure or waiver of defects*

"(a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

Claimants in the cases at bar question whether either of these sections apply in admiralty. The weight of authority, however, is that 1404(a), at least, applies to *in personam* proceedings in admiralty. Arrowhead Co. Inc., v. The Aimee Lykes, 2 Cir., 193 F.2d 83 and numerous cases in the district courts. There is some doubt whether Section 1404(a) can ever apply to an *in rem* proceeding. See footnote by Judge Frank in The Aimee Lykes case, supra. There is even greater doubt whether it can ever be invoked by a libelant—or by a plaintiff in a civil action. In all of the cases to which I have been referred or which I have read, Section 1404(a) was invoked by the defendant. But it is not necessary to pass on those questions here. Even if Section 1404(a) can be invoked by a libelant in a proper case, in the proceedings at bar there were no facts alleged in any of the motions **or** affidavits or found by the New York District Court in any of the orders which would justify a transfer under Section 1404(a).

It seems probable that the orders were applied for under the supposed authority of Section 1406(a). All three of the orders referred to Rule 7 of the Southern District of New York (which is based on Sections 1404 and 1406) although Judge Noonan struck out the words "and pursuant to Title 28, Sections 1404 and 1406 of the U. S. Code" in the order which he signed in No. 3635.

 I find that Section 1406(a) does not authorize the transfer of these cases from the Southern District of New York to the District of Maryland. Indeed I doubt whether Section 1406(a) can ever apply to a proceeding *in rem*. Even though a district court, in admiralty, may have general jurisdiction of the subject matter alleged in a libel *in rem*, the court has no authority or jurisdiction to deal with that subject matter unless and until it has obtained jurisdiction over the *res*. On the other hand if a district court in which a libel *in rem* is originally filed does obtain jurisdiction over the *res*, it follows that the venue must have been properly laid; and since Section 1406(a) by its terms does not apply unless venue has been laid in the wrong division or district, Section 1406(a) cannot be invoked to authorize a transfer of such a case.

 In the cases at bar the New York District Court never obtained any jurisdiction over the *res*, and therefore had no jurisdiction *in rem* which it could transfer to any other court.

 Moreover, the allegations of all the libels in the cases at bar laid venue in the Southern District of New York by alleging that the Karachi was then or during the pendency of the action or of process therein would be within said district and within the jurisdiction of the district court for said district. As-

suming that libelants thus properly laid venue in the Southern District of New York at that time, they should not be heard to say, on motions to transfer, that they had improperly laid venue in that district.

If Section 1406(a) authorizes the orders of transfer in these cases, it would also authorize similar orders of transfer in civil cases. An examination of the annotations to U.S.C.A. Title 28, Section 1406 indicates that substantially all of the cases under Section 1406(a), as amended in 1949, came before the courts on motions to dismiss made by defendants. In Riley v. Union Pacific R. Co., 7 Cir., 177 F.2d 673, however, the motion to transfer the case to the District of Wyoming was made by the plaintiff to avoid the application of the Illinois statute of limitations. The action had been begun in a state court in Illinois and removed by the defendant to the federal court there. The Court of Appeals for the Seventh Circuit held that the action had not been brought in the wrong district and therefore Section 1406(a) was not applicable. The court further held that by bringing the suit in the state court plaintiff had waived any right to contend that the venue of the district court to which the case had been properly removed was improper. So, in the cases at bar, libelants have waived any right to contend that the venue of the district court in which they themselves filed their libels was improper, and are therefore not entitled to invoke Section 1406(a).

Finally, even if libelants could be heard to say that venue was improperly laid in the Southern District of New York, and even if the District Court for that District had acquired some jurisdiction over the *res* which it could transfer to another court, these cases could not properly be transferred to this district under Section 1406(a) unless they "could have been brought" in this district. It does not appear from the record in these cases that

venue could properly have been laid in this district at the time the libels were filed in the Southern District of New York or at any time before the claims were time barred; therefore, they could not have been brought in this district within the meaning of Section 1406(a).

For the foregoing reasons this court cannot consider that it has jurisdiction over the cases at bar as suits filed in the Southern District of New York in November, 1953, and properly transferred to this district as existing suits.

If we consider them as new suits filed in this district in February, 1954, they are evidently time-barred, and will have to be dismissed on that ground.

But if libelants wish to have the cases sent back to the Southern District of New York for possible further proceedings there, I will sign orders to that effect if they are presented by libelants on or before July 9th, 1954.