Petition of OSKAR TIEDEMANN AND COMPANY for exoneration from or limitation of liability.

No. 1764.

United States District Court
D. Delaware.

Oct. 7, 1957.

Motion to Dismiss Denied March 18, 1958.
See 253 F.2d 233.

William H. Bennethum (of Morford & Bennethum), Wilmington, Del., and Thomas E. Byrne, Jr., (of Krusen, Evans & Shaw), Philadelphia, Pa., for Oskar Tiedemann & Co.

Leonard G. Hagner, U. S. Atty., Wilmington, Del., and Leavenworth Colby, Washington, D. C., for the United States and Mathiasen's Tanker Industries, Inc.

Harold Leshem, Wilmington, Del., and Joseph Weiner (of Freedman, Landy & Lorry), Philadelphia, Pa., for crew members of the U.S.N.S. Mission San Francisco and the S. S. Elna II.

WRIGHT, District Judge.

■ This matter comes before the Court upon a motion to dismiss the petition for exoneration from or limitation of liability filed by Oskar Tiedemann and Company as owner of the Steamship Elna II, or, in the alternative, to transfer the petition to the District Court for the Eastern District of Pennsylvania, said action being No. 1764 in Admiralty. Admiralty Rule 54 provides:

"Rule 54. Courts having cognizance of limited liability procedure

"The said petition shall be filed and the *said proceedings had in any District Court of the United States in which said vessel has been libeled to answer for any claim in respect to which the petitioner seeks to limit liability;*[1] or, *if the said vessel has not been libeled, then in the District Court for any district in which the owner has been sued in respect to any such claim.*[2] When the said vessel has not been libeled to answer the matters aforesaid, and suit has not been commenced against the said owner, the said proceedings may be had in the District Court of the district in which the said vessel may be, but if said vessel is not within any district and no suit has been commenced in any district, then the petition may be filed in any District Court. The District Court may, in its discretion, transfer the proceedings to any district for the convenience of the parties. If the vessel shall have already been sold, the pro-

---

1. Emphasis supplied and hereafter referred to as "clause 1".

2. Emphasis supplied and hereafter referred to as "clause 2".

ceeds shall represent the same for the purposes of these rules. Amended June 21, 1948."[3]

All parties concede clause 1 is inapplicable.[4] Since an action has been commenced against Oskar Tiedemann and Company in the District Court of Delaware clause 2 [5] sanctions this court as an appropriate forum to entertain limitation proceedings.[6] Accordingly the motion to dismiss is denied.[7]

We come then to the question whether these proceedings should be transferred to a more convenient forum, namely, the Eastern District of Pennsylvania.[8] Twenty-two of the thirty-six claimants are so widely scattered it makes no material difference whether the matter is heard in Wilmington, Delaware or Philadelphia, Pennsylvania. In fact, Philadelphia and Wilmington are in the same commercial community.[9]

■ Convenience or inconvenience as developed in the oral argument centered around the inconvenience of certain medical witnesses and counsel who reside in Philadelphia. Since transportation and communication between the cities are fast, efficient and equally accessible to all concerned, the reasons asserted are inadequate. The controlling issue is the fact that trial can be had in this District within three months after issue is joined, while in Philadelphia it would be a year or more after issue is joined before trial.

Thus, the motion to transfer is similarly denied.

An order in accordance herewith may be submitted.

3. 28 U.S.C.A.

4. See Petitioner's Brief, p. 8.

5. See note 2 supra.

6. On March 19, 1957 United States of America and Mathiesen cross-libeled respondent. (Admiralty No. 1763).

7. The petitioners raised summarily an issue of collusion at oral argument and although the parties were afforded an opportunity to pursue the matter nothing more was done. As the matter

8. Rule 54 permits the District Court in its discretion to transfer the proceedings to any district for the convenience of the parties.

9. The distance between Philadelphia, Pa., and Wilmington, Del., is less than thirty miles.