William H. TRADER
v.
POPE & TALBOT, INC.
v.
JARKA CORPORATION OF
PHILADELPHIA.
Civ. A. No. 26887.

United States District Court
E. D. Pennsylvania.
Jan. 19, 1961.

Charles Sovel, Freedman, Landy & Lorry, Philadelphia, Pa., for plaintiff.

Robert Cox, Krusen, Evans & Shaw, Philadelphia, Pa., for defendant.

Joseph R. Thompson, Philadelphia, Pa., for third-party defendant (Jarka).

EGAN, District Judge.

Plaintiff, a longshoreman employed by the third-party defendant, brought this suit against defendant to recover damages for injuries allegedly sustained on August 14, 1959 while working on de-

fendant's vessel at Wilmington, Delaware, where he resided. The complaint was filed August 22, 1959, eight days after the accident and seven days before plaintiff was discharged from the Wilmington hospital to which he was taken for treatment.

Plaintiff now moves for a change of venue pursuant to Section 1404(a), Title 28, United States Code [1] on the grounds (1) that all the events occurred and all the witnesses are located in and could more conveniently appear for trial at Wilmington, and (2) that at the time plaintiff's Philadelphia counsel were retained, they were afraid that his injuries might prove fatal (the imminence of death is denied by defendant) and that they wanted to avoid the impact of The Tungus v. Skovgaard, 1959, 358 U.S. 588, 79 S.Ct. 503, 3 L.Ed.2d 524, in case plaintiff died before suit was started.

Plaintiff's motion will be denied.

 The first point made by plaintiff has been decided adversely to him. Dancsecz v. Carnegie-Illinois Steel Corp., D.C.W.D.Pa.1951, 98 F.Supp. 612, 613. There plaintiff sued in Pennsylvania, although he lived in New Jersey and the accident happened there. The Court denied plaintiff's motion to transfer saying, "after all, he elected to sue in this Court." A comparable case, where the converse of the factual situation arose, is that of The Elna II, D.C.Del., 158 F.Supp. 470, 472, 1957 A.M.C. 2315. There the Court, considering the convenience of witnesses said, " * * * In fact, Philadelphia and Wilmington are in the same commercial community," and in an appropriate footnote added, "The distance between Philadelphia, Pa., and Wilmington, Del., is less than thirty miles." See also Davis v. American Viscose Corporation, D.C.W.D.Pa.1958, 159 F.Supp. 218.

The second reason given by plaintiff to avoid his original choice of a forum, namely, that fast action was required because counsel thought plaintiff

was "near death" loses its force when it is considered that suit was started eight days after the accident and seven days before plaintiff's discharge from the hospital, and his inexcusable delay of one year and four months in asking for a transfer.

Furthermore, we believe that the statute is not available to a plaintiff who voluntarily chooses his own forum. The purpose of Section 1404(a) is to afford relief to a defendant by placing him on an equal footing with plaintiff in the selection of a forum in which to have his case tried. Barnhart v. John B. Rogers Producing Co., D.C.N.D.Ohio 1949, 86 F.Supp. 595.

Plaintiff's motion for change of venue will be and hereby is denied.

It is so ordered.

---

1. 28 U.S.C. § 1404(a): "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."