**Jack DEUTSCH and Harry Deutsch, co-partners doing business as Dado Built Company, Plaintiffs,**

v.

**William D. DUNNE, Defendant.**

**Civ. No. 60-C-926.**

United States District Court
E. D. New York.

Sept. 27, 1961.

**908**

Gallagher & Gallagher, Glen Cove, N. Y., for plaintiffs, Edward A. Gallagher, Glen Cove, N. Y., of counsel.

Lee Feltman, New York City, for defendant.

ZAVATT, District Judge.

The defendant petitions this Court for an order directing a change of venue to the District Court of Connecticut under the provisions of 28 U.S.C. § 1404(a). The action was commenced in the Supreme Court, Nassau County, to recover $23,150 for an alleged breach of contract for the construction of a house by the plaintiffs, who reside in the district, for the defendant in Stamford, Connecticut. The defendant, although a resident of Stamford, maintains an office for the practice of law in New York City, New York. The defendant removed the action to this court because of the diversity of citizenship of the parties and counterclaims to recover $32,650 damages allegedly incurred by reason of the plaintiffs' breach of the contract.

The identical motion was denied without prejudice by Judge Abruzzo of this court on May 18, 1961 on the ground that the court lacked sufficient information to balance the conveniences of the parties and witnesses. Specifically the court noted that defendant had failed to supply the substance of his witnesses' testimony and had failed to apprise the court of the distance between Stamford, the place in Connecticut where the work was performed and from the vicinity of which he contends his witnesses would come, and this court, and between Stamford and the District Court of Connecticut.

Defendant now contends that practically all his witnesses and sources of proof are located in Connecticut. Defendant further contends that his witnesses are not willing to voluntarily come to this court, and that the cost of obtaining their appearance will be great. Defendant also notes that the premises in question are in Connecticut. The substance of the testimony of defendant's twenty-nine witnesses is also generally indicated.

Plaintiffs contend that no inconvenience will result to defendant's witnesses and, even if some inconvenience does occur, the balance is not sufficiently in defendant's favor to warrant a transfer of venue.

The governing statute, 28 U.S.C. § 1404(a) states: "For the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district * * * where it might have been brought." See generally, 1 Moore, Federal Practice 1777–86 (1960).

On such motions the burden of proof is on the moving party, e. g., United States v. E. I. DuPont Nemours, D.C.N. D.Ill.1950, 87 F.Supp. 962, appeal dismissed 1950, 339 U.S. 959, 70 S.Ct. 1002, 94 L.Ed. 1370; White v. Employers' Liability Assurance Corp., Ltd., D.C.E.D. S.C.1949, 86 F.Supp. 910. The plaintiff's choice of venue should not lightly be disturbed, e. g., DeLuxe Game Co. v. Wonder Products Co., D.C.1958, 166 F. Supp. 56, 61; Nocona Leather Goods Co. v. A. G. Spaulding & Bros., Inc.,

D.C.D.Del.1958, 159 F.Supp. 269. The determination of transferability is committed to the sound discretion of the district court to be exercised in light of all the circumstances of the case, e. g., New York, C. & St. L.R. Co. v. Vardaman, 8 Cir., 1950, 181 F.2d 769; Trust Co. of Chicago v. Pennsylvania R. Co., 7 Cir., 1950, 183 F.2d 640, 21 A.L.R.2d 238. In the leading case of Gulf Oil Corp. v. Gilbert, 1947, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 which considered the doctrine of *forum non conveniens* prior to the Code of 1948 Mr. Justice Jackson stated that: "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." 330 U.S. at page 508, 67 S.Ct. at page 843. While § 1404(a) modifies the former doctrine of *forum non conveniens* by eliminating the result of dismissal, when the doctrine was found applicable, and substituting transfer, Norwood v. Kirkpatrick, 1955, 349 U.S. 29, 30, 75 S.Ct. 544, 99 L.Ed. 789, the burden of establishing a convincing necessity for the transfer remains on the moving party, although the court's discretion has been somewhat broadened, e. g., Calva v. American Airlines, Inc., D.C.D.Minn. 1959, 177 F.Supp. 238, 239; Peyser v. General Motors Corp., D.C.S.D.N.Y.1958, 158 F.Supp. 526.

In this case it appears that defendant has not made a sufficient showing of inconvenience to warrant the court to order a transfer. It appears that railroad travel times and distances between Stamford, site of the premises and home of defendant's witnesses, and Grand Central Station in New York (a brief trip from this courthouse) is practically equal to the railway time and distance between Stamford and New Haven, Connecticut, location of the District Court of the State of Connecticut. Under such circumstances it is difficult to find more than a relatively minor inconvenience on the part of defendant and his witnesses. As far as inconvenience to the defendant himself is concerned, it appears that he commutes regularly between his home in Stamford, Connecticut, and his law office in New York City. No problem of the availability of process appears since Stamford is within one hundred miles of this court. Fed.R.Civ.P. 45, 28 U.S. C.A.

In Davis v. American Viscose Corp., D.C.W.D.Pa.1958, 159 F.Supp. 218, where defendant sought to transfer a personal injury action from the Western District of Pennsylvania to the Middle District of Pennsylvania, the court held that § 1404 (a) should not be invoked as between two courts sitting at Pittsburgh and Harrisburg, respectively, since relatively short distances are involved and the balance of inconvenience, if any, in favor of the defendant and its witnesses is relatively minor. To the same effect, Bailey v. New York Central Ry. Co., D.C.E.D.Pa. 1957, 166 F.Supp. 191.

Defendant's motion is denied. Settle an order on or before ten days from the date hereof.