Gertrude KALTER and Murray Kalter, Plaintiffs,

v.

Martin J. NORTON, United States of America and Forrest S. Putnam, Defendants.

United States District Court
S. D. New York.
March 19, 1962.

Joseph Goldberg, New York City, for plaintiffs.

Robert M. Morgenthau, U. S. Atty. for Southern Dist. of New York, New York City, for the United States. Victor Temkin, Asst. U. S. Atty., New York City, of counsel.

SUGARMAN, District Judge.

The defendant United States of America moves under F.R.Civ.P. rule 12(b)(3), 28 U.S.C. to dismiss the complaint herein for improper venue.

The complaint claims that on the 11th day of August, 1961, on the Long Island Expressway in Queens County, New York City, a motor vehicle owned by plaintiff Murray Kalter, while being driven by plaintiff Gertrude Kalter was struck by a motor vehicle owned by defendant United States of America while being driven by its employee, defendant Forrest S. Putnam after the latter car had been struck by one owned and operated by defendant Martin J. Norton.

The complaint contains two "causes of action". The first seeks damages for the injury of plaintiff Gertrude Kalter; the second seeks damages of plaintiff Murray Kalter for expenses incurred by him for medical treatment of his wife (Gertrude Kalter) and for loss of her services.

Jurisdiction is predicated upon 28 U.S.C. § 1346. Plaintiffs allege that they "are residents of the State of New York and are citizens of the United States".

No allegation of the citizenship of defendants Norton and Putnam are set forth in the complaint [1] but since these defendants appear not to have been served that defect is ignored.

Turning to the alleged venue defect upon which this motion is predicated, it is undisputed that both plaintiffs dwell in Bayside, Queens County, that as alleged in the complaint the accident occurred in Queens County, and that plaintiff Murray Kalter has an office for the practice of accountancy in the County of New York.

Queens County is in the Eastern District of New York; New York County is in this district.

■ Plaintiff Murray Kalter argues that his office in New York County satisfies the alternative requirement of the Federal Tort Claims Act [2] that venue of a suit thereunder shall be "only in the judicial district where the plaintiff resides".

Obviously the venue of the claim of Gertrude Kalter is erroneously laid because she does not, as does her husband, assert a residence at her husband's office in this district. Hence the government's motion as to plaintiff Gertrude Kalter must be granted.

That leaves the question whether venue of plaintiff Murray Kalter's claim is properly laid in this district. I think not.

"Resides" has many meanings.[3]

No inkling is given in the debates in Congress when the Federal Tort Claims Act [4] was adopted as to the sense in which the term "resides" was therein

---

1. Cf. F.R.Civ.P. rule 8(a) (1).

2. 28 U.S.C.A. § 1402(b).

3. 77 C.J.S. 285.

4. 60 Stat. 812.

used [5] nor does the report accompanying the bill.[6]

I believe that the sense intended is synonymous with "dwells" which, as to an individual, connotes the place of one's home rather than the place of one's business. This construction places the venue of a federal tort claim on the same basis as that of any other similar civil claim [7] and I see no reason why it should not be so.

In this case the anomaly of having the wife's suit for personal injuries tried in the Eastern District and having the husband's suit for medical expenses incurred by him for his wife and loss by him of her services, all arising out of her injury, separately tried in this district, with the attendant waste of judicial time, is manifest.

██ Plaintiffs in their brief on the motion urge that their action be transferred to the Eastern District of New York. The court is vested with that power [8] regardless of whether venue is properly laid in the complaint. For the very reason asserted by the plaintiffs in their brief in support of transfer [9] it should be denied, for "the convenience of parties and witnesses" will not be served by a transfer.

██ Nor does "the interest of justice" warrant a transfer in the court's discretion. The accident happened on August 11, 1961. The applicable statute of limitations is two years.[10]

I do not believe that discretion is wisely exercised by encouraging the bringing of tort claims against the government in this district, upon improper venue, merely because our appropriate

trial calendar for these actions is currently up to date. This case serves as an eloquent example of the time-consuming product of that growing practice.

The government's motion as to plaintiff Murray Kalter is also granted.

The complaint of both plaintiffs is dismissed.

Settle an order.[11]

---

5. 28 U.S.C.A. § 1402(b).

6. Senate Rep. to S. 2177, 79th Cong., 2nd Sess.

7. 28 U.S.C.A. § 1391(a); Koons v. Kaiser, 91 F.Supp. 511 (S.D.N.Y.1950) where at 517 Circuit Judge Kaufman (then a district judge) observed, "For venue purposes a person is a resident * * * where he makes his home", petition for mandamus denied and appeal dismissed, Koons v. Kaiser and Koons v. Kaufman,

187 F.2d 1023 (2d Cir. 1950), cert. denied, 340 U.S. 942, 71 S.Ct. 505, 95 L.Ed. 679 (1951).

8. 28 U.S.C.A. § 1404(a).

9. "* * * the Eastern District and Southern District lie within the same City adjacent to one another."

