Allen W. STANDARD

v.

STOLL PACKING CORPORATION and
Polar Truck Rental Corporation.

Paula STANDARD and Saundra Standard, Minors, by their Guardian, Allen W. Standard, and Alvis B. Standard, Plaintiffs,

v.

STOLL PACKING CORPORATION and
Polar Truck Rental Corporation, Defendants and Third-Party Plaintiffs,

v.

Allen W. STANDARD, Third-Party
Defendant.

Civ. A. No. 7220.

United States District Court
M. D. Pennsylvania.

Nov. 16, 1962.

Wirtzman, Sikov & Love, Pittsburgh, Pa., John H. Broujos, Carlisle, Pa., for plaintiffs.

Hurwitz, Klein, Meyers & Benjamin, Harrisburg, Pa., for defendants.

Dowling & Dowling, Harrisburg, Pa., for third-party defendant.

FOLLMER, District Judge.

Plaintiffs have filed a motion to transfer the proceedings from this District to the Western District of Pennsylvania. Defendant opposes it.

■ The accident occurred August 7, 1960, on the Pennsylvania Turnpike in Franklin County in the Middle District. Suit was instituted in the Middle District on March 10, 1961. Plaintiffs were at the time of instituting suit, and still are, residents of Charleroi in the Western District. Both defendants are New Jersey corporations. The witness to the accident lives at Newburg, Pennsylvania, and the State Trooper who is a material witness is stationed at Newville, Pennsylvania. The witnesses therefore are even closer to Harrisburg where the case is listed for trial than the point of the accident, are in close proximity to the Pennsylvania Turnpike and within easy access to Harrisburg. The physician who treated the parties after the accident lives at McConnellsburg in close proximity to the Turnpike in this District and considerably closer to Harrisburg than to Pittsburgh.

The case was on the May Term, 1962, Trial List and was continued at the request of the plaintiffs on the representation that the depositions of their ex-

pert witnesses would be completed by the October 1962 Term. With the case well up on the Trial List, on October 16, 1962, about fifteen days before the Term, nineteen months after the institution of suit, and after a continuance from the May to the October 1962 Term, the plaintiffs filed their motion to transfer. The situation as to plaintiffs' witnesses, medical and otherwise, is no different to-day than it was when they voluntarily instituted suit in this District. In the meantime, counsel for defendants have prepared for trial in this District. To transfer the proceedings at this stage would definitely and unjustifiably delay the trial.

 While a plaintiff may move to transfer, and delay in making it does not absolutely foreclose a motion to transfer (1 Moore Federal Practice 2d Ed. ¶ 0.145 (4.–2), p. 1766 and ¶ 0.145(4.–3), pp. 1768 and 1769), the burden of proof on such a motion is on the moving party, Deutsch v. Dunne, D.C.E.D.N.Y., 197 F. Supp. 907 (1961). Plaintiffs have not met that burden. The trial of the case would not be expedited.[1] On the contrary, it would further delay the trial. Moreover, it may be quite inconvenient for defendants now to arrange for their Harrisburg counsel, who have already done considerable work on the case, to conduct the trial in Pittsburgh; it would especially be so if they were also required to engage Pittsburgh counsel, Davis v. American Viscose Corporation, D.C.W. D.Pa., 159 F.Supp. 218 (1958).

Considering the proximity of Pittsburgh and Harrisburg, with the easy access by way of the Pennsylvania Turnpike, Trader v. Pope & Talbot, Inc., D.C. E.D.Pa., 190 F.Supp. 282 (1961), it is "in the interest of justice"[2] that the plaintiffs' motion to transfer be denied. Order will be entered accordingly.

[1]. Plaintiffs state, "there would be very little, if any, delay in the trial of this matter if this transfer were granted."