**ROBERTS BROTHERS, INC., et al.,**
**Plaintiffs,**

v.

**KURTZ BROS. et al., Defendants.**

**Civ. A. No. 426–63.**

United States District Court
D. New Jersey.
July 7, 1964.

Mathews & Sitzler, by John O. Sitzler, Jr., Palmyra, N. J., Dilworth, Paxson, Kalish, Kohn & Dilks, Philadelphia, Pa., of counsel, for plaintiffs.

Archer, Greiner, Hunter & Read, by James Hunter, III, and Frank B. Wallis, Camden, N. J., and Walker B. Comegys, Jr., of Goodwin, Proctor & Hoar, Boston, Mass., W. Bradley Ward, of Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., Frank L. Seamans, of Eckert, Seamans & Cherin, Pittsburgh, Pa., William U. Smith, of Smith, Smith & Work, Clearfield, Pa., Charles F. Herr, of Appel, Ranck, Levy & Appel, Lancaster, Pa., William D. Boswell, of Compton, Handler, Bermon & Boswell, Harrisburg, Pa., Nochem S. Winnet, of Fox, Rothschild, O'Brien & Frankel, Philadelphia, Pa., Robert C. Vincent, of McGovern, Vincent, Connelly & Soll, New York City, William J. Rooney, of Harper & Rooney, Mamaroneck, N. Y., Bruce A. Hecker, of Manning, Hollinger & Shea, New York City, for defendants.

COHEN, District Judge.

This is an action for injunctive relief and treble damages for alleged violation of certain provisions of the Sherman-Clayton Anti-Trust Act, Title 15 U.S.C. §§ 15 and 26. Complaint was filed by plaintiff, Robert Brothers, Inc., a New Jersey corporation, on May 21, 1963 alleging that its business is that of a competitive distributor of school supplies and equipment to various school districts throughout the State of New Jersey; and that defendants, all of whom are corporately or individually engaged in manufacturing such supplies and equipment, conspired to refuse to sell to the plaintiff, thereby unreasonably restraining commerce in violation of said statute. Joined with the corporate plaintiff are Charles F. Roberts, its president, Edward T. Roberts, its vice-president, and William Linskey, its employee, all of whom claim like relief and damages.

The ruling which the Court is called upon to make at this juncture of the case is but another in an episodic pattern of motions made before trial so typical of antitrust litigation.[1]

[1.] An extensive series of some 15 motions, beginning July 31, 1963 up to the filing of defendants' answers on December 2, 1963, have required prior dispositions by the Court. Motions filed in August and September, 1963 by both parties-plaintiff and defendants relating to discovery, priorities, protective orders, the quashing of the return of process, the striking of portions of the complaint as to certain

Plaintiffs move to transfer this action to the United States District Court for the Eastern District of Pennsylvania, as to 2 classes of defendants, first, under Title 28 U.S.C. § 1406(a),[2] a group consisting of eight defendants against whom this action has been dismissed on motion charging improper venue, and second, under § 1404(a),[3] as to the remaining defendants. These latter defendants, against whom the action is still pending, oppose the motion to transfer, contending that the dismissed defendants are no longer before the court; that as to certain defendants the present action would not have been maintainable in the Eastern District of Pennsylvania in the first instance; and further, that no showing has been made that a grant of such transfer would enure to the best interests and convenience of *all* the parties and witnesses, nor would justice otherwise be denied.

■ The burden of establishing that the action should be transferred is, of course, upon the moving party. Standard v. Stoll Packing Corp., 210 F.Supp. 749 (M.D.Pa.1962); Biedrzycki v. Alcoa Steamship Co., 191 F.Supp. 895 (E.D. Pa.1961).

While a District Court may within its discretion transfer a pending action pursuant to application under 28 U.S.C. § 1404(a), supra, to another division within its own district, or to an entirely different District, where the convenience of the parties and witnesses and the interest of justice would better be served, it must be borne in mind that the exercise of such a discretion is confined by the statute to a prerequisite of jurisdictional power in the substituted division or District, as the choice is limited to such as where the action "might have been brought" in the first instance.[4]

Of similar import is 28 U.S.C. § 1406 (a), supra, where motion is made for transfer on the ground of improper venue because the action has been brought in the wrong district.[5] The lodestar for the Court is whether justice dictates transfer of a pending action, as contrasted to its dismissal, provided of course, that such action may be transferred to another division or District only if it "could have been brought" there in the first instance. Therefore, under both sections 1404(a) and 1406(a), the District to which transfer is proposed must have jurisdiction of the subject matter, of the parties, and be one in which venue would have been

---

defendants, and all of the complaint as to other defendants, the addition of parties-plaintiff as well as parties-defendant, were disposed of by the Court on October 30, 1963. During the months of January, February, March and April, 1963 a new flurry of motions was presented relating to further discovery, priorities, protective orders, Summary Judgment by one of the corporate defendants, and among which 8 motions was that to transfer filed February 24, 1964, argued April 3, 1964, supplemented by additional briefs April 21, 1964. The motion to transfer is the last and is the one determined hereby.

2. 28 U.S.C.A. § 1406(a). "Cure or waiver of defects

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it *could* have been brought. (Emphasis supplied.)

3. 28 U.S.C.A. § 1404(a). "Change of venue

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it *might* have been brought." (Emphasis supplied.)

4. Hoffman v. Blaski, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960); Brown v. Woodring, 174 F.Supp. 640 (M.D.Pa.1959); Schoen v. Mountain Producers Corp., 170 F.2d 707, 714 (3 Cir. 1948); All States Freight, Inc. v. Moderelli, 196 F.2d 1010 (3 Cir. 1952); Norwood v. Kirkpatrick, 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789 (1955).

5. Schultz v. McAfee, 160 F.Supp. 210 (D.Me.S.C.1958); McNutt v. United Gas, Coke & Chemical Workers, 108 F.Supp. 871 (W.D.Ark.1952); Internatio-Rotterdam, Inc. v. The Karachi, 122 F.Supp. 37 (D.Md.1954).

been proper had the action been there initiated.[6]

Plaintiffs contend that their case against all the defendants, those remaining as well as those already dismissed, can be completely adjudicated in one forum upon its merits, and that they might have joined initially all defendants in the Eastern District of Pennsylvania. Hence, both the interests of justice as well as the convenience of all parties and witnesses would be served by transfer of this action.

The proofs by way of affidavit, or otherwise, before the Court, do not lend support to the proposal of the plaintiffs. Their most persuasive argument for transfer, even when viewed in a light most favorable to them, is tantamount to *forum non conveniens*, a doctrine superseded by section 1404(a), Hoffman v. Blaski, supra. The purport of the statute is that a United States District Court, sought as an alternative or as a destination forum by way of transfer, must be one in which the matter sought to be transferred qualifies on all the jurisdictional facts, as well as meets the requirements of proper venue, absent a waiver of jurisdiction over the person, at the time the action was commenced. Hoffman v. Blaski, supra, U. S. v. Berkowitz, supra.

It is uncontradicted that three of the individual defendants, Shepard, Thompson and Haggerty, as well as those previously dismissed, Kurtz, Meck and Comfort, do not reside, are not found in, nor do they have an agent in the Eastern District of Pennsylvania. Additionally, it is not clear whether the corporate defendant, Peckham, Little & Co., Inc., is in the same category. However, in seeking to embrace the defendants within the venue of the Eastern District of Pennsylvania, plaintiffs contend that, while defendants Shepard, a resident of New Vernon, New Jersey, Thompson, of Rockville Centre, New York, Haggerty of Caldwell, New Jersey, being some of the remaining defendants, as well as Kurtz, a resident of the Western District of Pennsylvania, Meck and Comfort, residents of the Middle District of Pennsylvania, being three of the previously dismissed defendants, they as plaintiffs are not confined to the special statutory venue provisions of the Sherman-Clayton Anti-Trust Act,[7] but may also avail themselves of the general statute on venue,[8] as well as invoke the principle that co-conspirators are agents of each other for venue purposes where there are allegations of conspiracy to violate the antitrust laws.

 Such expansions of the concept of venue cannot prevail. General venue statutes applicable to ordinary actions cannot enlarge special venue provisions of a special statutory action. Leith v. Oil Transport Company, 321 F.2d 591 (3 Cir. 1963); Fourco Glass Co. v. Transmirra Products Corp., 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed.2d 786 (1957); Goldlawr, Inc. v. Shubert, 169 F.Supp. 677 (E.D.Pa.1958). In Kaeppler v. James H. Matthews & Co., 180 F.Supp. 691 (E.D. Pa.1960), an antitrust case, the identical venue statute interposed by plaintiffs, 28 U.S.C. § 1392(a) was sought to be invoked and was determined to be inapplicable. Likewise, plaintiffs' attempted use of the co-conspirator-agency principle for the purpose of effecting proper venue is invalid. The evils that would flow from the creation of venue by such mere allegation of conspiracy are patent. The Supreme Court of the United States in

---

6. U. S. v. Berkowitz, 328 F.2d 358, 361 (3 Cir. 1964).

7. 15 U.S.C.A. § 22 "District in which to sue corporation. Any suit, action, or proceeding under the antitrust laws against a corporation may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transact business;

and all process in such cases may be served in the district of which it is an inhabitant, or wherever it may be found."

8. 28 U.S.C.A. § 1392(a) "Any civil action, not of a local nature, against defendants residing in different districts in the same State, may be brought in any of such districts."

Bankers Life and Casualty v. Holland, 346 U.S. 379, 74 S.Ct. 145, 98 L.Ed. 106 (1953), *obiter dicta,* condemned such principle. In Independent Productions Corp. v. Loew's Inc., 148 F.Supp. 460 (S.D.N.Y. (1957), the so-called "co-conspirator" rule was repudiated in principle and rejected in practice. This Court is in complete accord with this able opinion.

Plaintiffs postulate three steps by which venue could be proper. First, it is proposed that the Court reinstate the complaint as to those defendants previously dismissed; second, grant the motion for transfer; and third, following such transfer the plaintiffs will dismiss voluntarily, and without prejudice, as against such defendants for whom jurisdiction or venue would not lie in the transferee district, thus completing the circle created by this motion to transfer, making for the convenience of the parties, the witnesses, the interests of justice, and the cure of defective venue.

Conceivably, under Rule 54(b) of the Federal Rules of Civil Procedure, the prior order of October 10, 1963, dismissing the complaint as against certain named defendants, could be revised on the basis that this matter involves multiple parties, and that such order contained no specific finding of no just reason for delay of the dismissal with a direction for the entry of judgment thereon. And a further basis might be that such order, or other form of decision, is subject to revision at any time before the entry of a judgment adjudicating all claims, rights and liabilities of all the parties to the action. Apparently, recognizing their dilemma, this is precisely what the plaintiffs would have the Court do now, a year since the filing of the complaint, and 8 months after the dismissal of certain defendants. Such rationalizations are in contravention of the compelling rationale of Hoffman v. Blaski, supra, which declares that transfer to the substituted, or alternate, District may be had only if the action sought to

be transferred "might have been brought" there at the time it was commenced. Moreover, such venue as has been found to be defective in this forum heretofore, cannot be cured by transfer under the holding of U. S. v. Berkowitz, supra.

It can readily be observed that, if the relief sought were granted, the Eastern District of Pennsylvania would be confronted with an entirely different case than we have here; new defendants would be added, old ones discarded, and the only reasonable assurance is that the plaintiffs and the subject matter would remain the same.

■■ It is difficult to perceive how transfer of this action would further convenience the parties and the witnesses, or provide complete adjudication upon the merits as to all defendants, or that the interest of justice requires such transfer. It is evident by the record in this case, that a complete adjudication cannot be had as to all the defendants in any single forum. The dismissed defendants are not amenable to suit here. Of the eight dismissed, three of those, and three or four of the remaining defendants are not subject to suit in the Eastern District of Pennsylvania. Plaintiffs were aware of these facts when they commenced this action, and advance no change in circumstance, save an obvious change in strategy. Manifestly, more strategic selection of parties-defendant, with the consequent choice of forum dictated thereby, may be prompted by the enlargement of perspective and the sharpening of insight through re-analysis of this litigious controversy, which may have evolved from its dynamic development by able and numerous counsel for the litigants. This is the very metal of legal contest. But such belated considerations as realignment of parties, and choice of new forum, advanced only after the pretrial complex of complicated antitrust litigation has been pursued vigorously by sharply contested multiple motions [9] positing judicable issues over a

9. See: note 1, ante.

calendar year, must be fashioned within and fore-shortened by the procedural devices provided and imbued with a spirit of prompt and orderly dispatch of a Court's judicial business. Were it to be otherwise, the waste of one court's time by the abandonment of it for a new forum, and the making of fresh tracks after a year of active contest, *albeit* before trial, could result in no less an imposition upon the forum of transfer. Certainly, this is not within the spirit nor the objectives of liberalized federal practice. Most assuredly, sections 1404(a) and 1406(a) were not designed to facilitate belated procedural maneuvers suggestive of forum shopping, however well intentioned or otherwise meritorious such maneuvers might be.

■ Plaintiffs have failed to adduce sufficiently persuasive justification for the exercise of a judicial discretion to transfer this matter from this forum, which they voluntarily selected more than a year ago to a neighboring District of such unusually close proximity.[10] Interestingly enough, the geographically adjacent Eastern District of Pennsylvania and this District are within approximately 10 minutes by public transportation of each other being on opposite ends of the Benjamin Franklin Bridge spanning the Delaware River, and it may be said "within view of each other on a clear day." Surely, the only convenience articulated by the facts in this matter, if transfer were to be granted, is that which would enure to this Court in relieving it of the burden of protracted contest so characteristic of complex and time consuming antitrust litigation. However, the thoughtful framers of the transfer statute most certainly did not contemplate such vain and subjective concerns when they prescribed sections 1404(a) and 1406(a) governing transfers of actions. These sections, while remedial in nature, are expressly de-

signed to empower a court to transfer a case only where the action joined *might* have been maintained, with the cardinal purpose of expeditiously reaching the merits of the controversy in a proper forum. United States v. Berkowitz, supra. That such salutary purpose is more likely to be achieved by transfer of this matter pretends to a clairvoyance not warranted by the record nor shared by this court.

■ For the foregoing reasons, the motion by plaintiffs for transfer of this action to the United States District Court for the Eastern District of Pennsylvania is hereby denied.

Counsel of record for defendants may submit an appropriate order.

10. Trader v. Pope & Talbot, Inc., 190 F. Supp. 282 (E.D.Pa.1961); Kalter v. Norton, 202 F.Supp. 950 (S.D.N.Y.1962); Leyden v. Excello Corporation, 188 F. Supp. 396 (D.N.J.1960); Anschell v. Sackheim, 145 F.Supp. 447 (D.N.J.1956); Petition of Oskar Tiedemann & Co., 158 F.Supp. 470 (D.C.Del.1957), aff'd. 259 F. 2d 605 (3 Cir. 1958).