**R. J. COULTER FUNERAL HOME, INC., Wann Funeral Home, Inc., W. T. Hays & Son, Inc., and all other similarly situated funeral directors in the State of Tennessee**

v.

**NATIONAL BURIAL INSURANCE COMPANY, Inc., the National Funeral Home of Chattanooga, Tennessee, Inc., The National Funeral Home of Memphis, Tennessee, Inc., A. W. Wunderlich, the Cherokee Life Insurance Company, Inc. and the Cosmopolitan Funeral Homes, Inc.**

Civ. A. No. 3678.

United States District Court
E. D. Tennessee, S. D.

April 7, 1960.

Van Derveer, Brown & Siener, Chattanooga, Tenn., for plaintiffs.

Farris, Evans & Evans, Nashville, Tenn., for Cherokee Life Ins. Co.

Davis, Bault, Hunt & Cummings, Nashville, Tenn., Clarence Kolwyck, Chattanooga, Tenn., for Cosmopolitan Funeral Homes, Inc.

DARR, Senior Judge.

For injunctive relief and damages under the anti-trust laws, this suit has been instituted against the Cosmopolitan Funeral Homes, Inc. and others.

The Cosmopolitan Funeral Homes, Inc., presents a motion to quash the summons and to dismiss the case because of failure of venue under section 22 of Title 15 U.S.C.A. This section provides:

"Any suit, action or proceeding under the anti-trust laws against a corporation may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business; and all process in such cases may be served in the district of which it is an inhabitant, or wherever it may be found."

The movant presents an affidavit to the effect that it is not an inhabitant of this judicial district, may not be found in this judicial district, and does not transact business in this judicial district.

The respondent has a counter affidavit setting out that Cosmopolitan has done business in this judicial district within the last year.

■ There are some cases ruling that the amendment to the general venue statute, now contained at section 1391(c) of Title 28 U.S.C.A., was also an amendment to the venue statute under the anti-trust laws. These cases seem to be based on Professor Moore's observations in his commentary on the United States Judicial Code. See Lipp v. National Screen Service Corp., D.C., 95 F.Supp. 66, 69. However, this view has been authoritatively negated by the Supreme Court's decision in the case of Fourco Glass Co. v. Transmirra Products Corp., 353 U.S. 222, 228, 77 S.Ct. 787, 1 L.Ed.2d 786.

■ The word "inhabitant" seems to imply a permanent resident. For a long number of years the courts have considered that a corporation was a resident of the state in which it was incorporated; and more specifically where the state was divided into two or more districts, then in the district where the official residence was designated by its charter or state law and in the absence of such designation, then in the district where the corporation maintained its home office.

While this definition seems harsh for venue purposes, it will have to be adopted and Cosmopolitan was not an inhabitant of this judicial district at the time the suit was commenced and for the same reason it could not be "found" in this district at that time.

The plaintiffs are residents of this district and the claims for relief are for happenings in this district. Cosmopolitan did a regular business in this district, according to its own affidavit, until 1959 and according to the respondent's affidavit has continued some business, apparently fulfilling obligations theretofore contracted. But in any event, the words "transact business" do not intend to mean that the defendant has to be transacting business on the day the suit is commenced. Reference is made to the case of United States v. Scophony Corp., 333 U.S. 795, 68 S.Ct. 855, 92 L.Ed. 1091, for a general discussion of this question. This case, after announcing the obvious purpose of the venue statute and its intended liberality and extension, concludes at the bottom of page 808 of 333 U.S., at page 862 of 68 S.Ct., "A foreign corporation no longer could come to a district, perpetrate there the injuries outlawed, and then by retreating or even without retreating to its headquarters defeat or delay the retribution due."

■ This is a plain recognition that if the transaction of business, within a district, by a corporation violates the proscribed provisions charged as the basis of the suit, such corporation is amenable to suit therein despite the fact that it may have retreated. Also see Eastman Kodak Co. of New York v. Southern Photo Materials Co., 273 U.S. 359, 47 S.Ct. 400, 71 L.Ed. 684 and United States v. Nat. City Lines, 334 U.S. 573, 68 S.Ct. 1169, 92 L.Ed. 1584.

For the purposes of venue, under the said section 22, Cosmopolitan was transacting business in this judicial district and the service on it was proper.

The motion to quash the service and dismiss the suit is denied.