**PUBLIC SERVICE COMPANY OF NEW MEXICO, Plaintiff,**

v.

**FEDERAL PACIFIC ELECTRIC COMPANY;** General Electric Company; I-T-E Circuit Breaker Company; Joselyn Mfg. and Supply Co.; H. K. Porter Company, Inc.; Schwager-Wood Corporation; Southern States Equipment Corporation and Westinghouse Electric Corporation, Defendants.

Civ. No. 4964.

United States District Court
D. New Mexico.

Nov. 7, 1962.

W. A. Keleher and John Tittmann, Albuquerque, N. M., Turner, White, Atwood, Meer & Francis, Dallas, Tex., for plaintiff.

Iden & Johnson, by Bryan G. Johnson, Albuquerque, N. M., Reinhardt, Coblens & Stoll, Portland, Or., for defendant Schwager-Wood Corp.

C. R. McIntosh, Santa Fe, N. M., and Proskauer, Rose, Goetz & Mendelsohn, New York City, for defendant Federal Pacific Elec. Co.

Rodey, Dickason, Sloan, Akin & Robb, Albuquerque, N. M., for defendant General Elec. Co.

1

Grantham, Spann & Sanchez, Albuquerque, N. M., for defendant I-T-E Circuit Breaker Co.

Iden & Johnson, Albuquerque, N. M., for defendant Joselyn Mfg. & Supply Co.

Modrall, Seymour, Sperling, Roehl & Harris, Albuquerque, N. M., and Dawson, Nagel, Sherman & Howard, Denver, Colo., for defendant H. K. Porter Co., Inc.

Iden & Johnson, Albuquerque, N. M., and Sutherland, Asbill & Brennan, Washington, D. C., for defendant Southern States, Inc. (formerly Southern States Equipment Corp.).

Atwood & Malone, Roswell, N. M., for defendant Westinghouse Elec. Corp.

ROGERS, District Judge.

Schwager-Wood Corporation,[1] one of the defendants in this cause, has moved to dismiss the complaint on the ground of improper venue and has also moved to dismiss the complaint and quash service of process on the further ground that this Court does not have personal jurisdiction over Schwager-Wood Corporation for the reason that said corporation has not been properly served with process.

The basis of jurisdiction and venue alleged by the plaintiff is set forth in Paragraph I of the complaint, as follows:

"1.  This action is brought under Section 4 of the Clayton Act (15 U.S. C., Sec. 15) to recover damages for injuries to the business and property of the plaintiff resulting from defendants' violation of Section 1 of the Sherman Act (15 U.S.C., Sec. 1), as hereinafter alleged.

"2.  Each defendant is found or transacts business in the District of New Mexico."

■ The motion of Schwager-Wood Corporation to dismiss is based upon the affidavit of A. C. Schwager attached to the motion and upon the answers to interrogatories filed by Schwager-Wood Corporation.  Plaintiff has not controverted the truth of the facts set out in said affidavit and in said answers to interrogatories, and, accordingly, based upon said affidavit and said answers to the interrogatories, the Court FINDS:

1.  At all times material hereto A. C. Schwager was President of Schwager-Wood Corporation, and on February 19, 1962, purported service of process was made on Schwager-Wood Corporation by a representative of the U. S. Marshal's office for the District of Oregon, leaving with the said A. C. Schwager, at his office in Portland, Oregon, copy of the summons and complaint.

2.  Schwager-Wood has never been authorized by the State of New Mexico to transact business in New Mexico and does not have an authorized agent for service of process in the State of New Mexico.

3.  No employes and/or officers of Schwager-Wood visited the State of New Mexico for corporate purposes, except that on two or three occasions, in 1951 and 1953, Mr. W. M. Wood, an officer of the corporation, made public relations' stop-overs of no more than one day's duration each and visited with representatives of Public Service Company of New Mexico, and as far as records are available these visits by Mr. Wood were for the purpose of informing potential customers of the existence of the Company and its background of ownership and management.  At no time have any agents or employes of Schwager-Wood been based in New Mexico, nor is there any office maintained in the State of New Mexico; no salesmen have travelled in New Mexico and no representatives of the corporation have solicited business in New Mexico; infrequent advertise-

1.  The answers of Schwager-Wood Corporation to the interrogatories propounded to it contain the sworn statement of A. C. Schwager that Schwager-Wood Corporation was dissolved under Oregon Law on November 6, 1959, following and incident to a change in ownership of the Schwager-Wood business.  Schwager-Wood Corporation contends that any transactions subsequent to the dissolution are not properly ascribable to it. By reason of the conclusions expressed in this decision, this contention need not be and is not ruled upon by the Court.

ments of Schwager-Wood products appeared in trade publications and in catalogues, and technical information sheets normally mailed only on request. For the past five years the Corporation has carried on no national advertising. Schwager-Wood has not had any contractual relationships with any distributor, wholesaler, dealer or manufacturer's or other selling representative resident in the State of New Mexico. This Company has never had any bank account, personal or real estate or other assets situate in the State of New Mexico.

4. The only activities of Schwager-Wood Corporation in any manner relating to the State of New Mexico are as follows:

a. In September, 1953, a sale of Schwager-Wood equipment was made to Public Service Company of New Mexico. This sale originated through a bid request made by Public Service Company of New Mexico to Slaybaugh-Thompson Company, of Denver, Colorado, said Slaybaugh-Thompson Company at that time being a manufacturer's representative of Schwager-Wood Corporation. The total amount of this sale was $8,075.00. This equipment was shipped by common carrier f. o. b. Portland, Oregon, to Albuquerque, New Mexico.

b. Late in 1953 and early in 1954 deliveries of Schwager-Wood products were made to Southwestern Public Service Company. Orders for these shipments originated in Amarillo, Texas, were accepted in Portland, Oregon, and were shipped f. o. b. Portland, Oregon, via common carrier, to Southwestern Public Service Company at Roswell, New Mexico. These deliveries consisted of equipment on a single order having an aggregate invoice value of $32,312.00.

c. Early in 1960, based upon an order originating in Amarillo, Texas, dated November 12, 1959, Schwager-Wood Corporation shipped f. o. b. Portland, Oregon, via common carrier, to Southwestern Public Service Company at Roswell, New Mexico, equipment having an invoice value of $8190.00.

d. In November, 1961, based upon an order originating in El Paso, Texas, dated October 17, 1961, Schwager-Wood Corporation shipped f. o. b. Portland, Oregon, via common carrier, to El Paso Electric Power Company at Las Cruces, New Mexico, equipment having an invoice value of $10,650.00.

The question of venue is controlled by Section 12 of the Clayton Act, the material portion thereof being as follows:

"Any suit, action, or proceeding under the anti-trust laws against a corporation may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business; * * *." 15 U. S.C.A. § 22.

The Supreme Court of the United States has had occasion to construe Section 12 of the Clayton Act and has laid down the applicable rule to be used in determining whether or not a corporation is transacting business in a particular district.

In Eastman Kodak Company v. Southern Photo Materials Company, 273 U.S. 359, 47 S.Ct. 400, 71 L.Ed. 684, the Court stated:

"* * * a corporation is engaged in transacting business in a district, within the meaning of this section, in such sense as to establish the venue of a suit—although not present by agents carrying on business of such character and in such manner that it is 'found' therein and is amenable to local process,—if in fact, in the ordinary and usual sense, it 'transacts business' therein of any substantial character."

In United States v. Scophony Corporation of America, 333 U.S. 795, 68 S.Ct. 855, 92 L.Ed. 1091, the Supreme Court, in discussing the rule announced in the Eastman case, stated:

"In other words, for venue purposes, the Court sloughed off the highly technical distinctions theretofore glossed upon 'found' for filling that term with particularized mean-

**4**

ing, or emptying it, under the translation of 'carrying on business.' In their stead it substituted the practical and broader business conception of engaging in any substantial business operations."

In the light of the Supreme Court decisions it becomes the duty of this Court to conclude whether or not Schwager-Wood from a practical, common sense standpoint, has been transacting business of a substantial character in the State of New Mexico. The business activities of this corporation in New Mexico have been infrequent, isolated in character and the few sales or deliveries of Schwager-Wood products into New Mexico were not the result of personal solicitation of any representative of the Company in the State of New Mexico.

It is the opinion of this Court that these activities of Schwager-Wood cannot in the ordinary and usual sense be considered the transaction of business in New Mexico of any substantial character and, accordingly, the motion of defendant, Schwager-Wood Corporation, to dismiss the complaint on the ground of improper venue should be granted.

■ This defendant has also moved to dismiss the complaint and quash service of process upon it on the ground that this Court lacks personal jurisdiction over the defendant because the corporation has not been properly served. The validity of extraterritorial service upon Schwager-Wood Corporation can only be upheld if authorized by Section 12 of the Clayton Act (15 U.S.C.A. § 22) which reads as follows:

> "Any suit, action, or proceeding under the anti-trust laws against a corporation may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business; and all process in such cases may be served in the district of which it is an inhabitant, or wherever it may be found."

Under Section 12 of the Clayton Act proper venue is a prerequisite to valid extraterritorial service of process. The case of Goldlawr, Inc. v. Heiman, 288 F. 2d 579 (CCA 2d, 1961) supports this conclusion, the holding of the Court being well expressed in headnote 2 of the opinion:

> "Extraterritorial service of process privilege, in antitrust law actions, based on place where defendant is an inhabitant, may be found or transacts business, is given only when all the requirements of statute creating such privilege are satisfied."

The Court concludes that the motion of Schwager-Wood Corporation to dismiss the proceedings as to it and to quash service of process should be granted.

IT IS, THEREFORE, ORDERED that this cause be and it hereby is dismissed as to Schwager-Wood Corporation, and the purported service of process upon said corporation is hereby declared void and quashed.