**PHILLIP GALL & SON, a Partnership, and Phillip Gall & Son, Inc.,**
Plaintiffs,

v.

**GARCIA CORPORATION et al.,**
Defendants.

No. 2163.

United States District Court,
E. D. Kentucky,
Lexington Division.

April 12, 1972.

William H. Beck, Lexington, Ky., for plaintiffs.

Graham, McGuire & Campaign by William L. McGuire, New York City, Stoll, Keenon & Park by Robert M. Odear, Lexington, Ky., for defendants.

## MEMORANDUM

SWINFORD, District Judge.

The record of this case is before the court on various Rule 12 motions by the defendants. Defendants, Firearms International Corporation, a New Jersey corporation, and The Jan Winter Corporation, a Delaware corporation, have moved that the action be dismissed pursuant to Rule 12(b) (2) and (5) for lack of personal jurisdiction and for insufficient service of process. The Jan Winter Corporation and Firearms International Corporation have also moved that the action be dismissed for improper venue. All of the defendants, The Jan Winter Corporation, Firearms International Corporation, Garcia Corporation, Garcia Sporting Arms Corporation and Harry C. Miller Co., Inc., have moved that the action be dismissed for failure to state a claim upon which relief can be granted. Additionally all of the party defendants have moved in the alternative that an order be entered pursuant to Section 1404(a) of Title 28, United States Code, transferring the action to the United States District Court of New Jersey at Newark, and that the plaintiffs be made to submit a more definite statement as to certain matters in the complaint.

The motions of The Jan Winter Corporation and Firearms International Corporation to dismiss the complaint for improper venue and lack of personal jurisdiction are well taken, however, it is the opinion of the court that the action as to all defendants, including Firearms International Corporation and The Jan Winter Corporation, should be, for their convenience and in the interest of justice, transferred to the United States District Court of New Jersey.

## FACTS

This is an anti-trust suit wherein the plaintiffs assert that the defendants have attempted to force them into a

"tying arrangement" whereby they, in purchasing firearms from the defendants for retail distribution, would be required to purchase other unrelated items of sporting equipment for retail sale. The plaintiffs are the partners of a small retail sporting equipment shop. Over the past several years the plaintiffs have purchased from Firearms International Corporation numerous firearms and firearm equipment for retail sale. In 1970 Firearms International Corporation was acquired by and became a subsidiary of the Garcia Corporation. The plaintiffs contend that Firearms International Corporation, now a subsidiary of Garcia Corporation, has since its merger, refused, in violation of 15 United States Code, Sections 1, 2 and 15, to sell firearms to the plaintiffs unless the plaintiffs consent to carry all of Garcia Corporation's line of sports equipment.

## THE JAN WINTER AND FIREARMS INTERNATIONAL CORPORATIONS' 12(b) (2) AND (5) MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND INSUFFICIENT SERVICE OF PROCESS.

Inextricably bound together in this case are the questions of whether venue is properly laid in this district against The Jan Winter Corporation and Firearms International Corporation and whether the court has personal jurisdiction over them. Normally, if venue does not lay in the district court where an action is initiated, the court should, pursuant to Section 1406(a) of Title 28, United States Code, transfer it to the proper district or division. On the other hand, where a court does not have personal jurisdiction over a party defendant, the action must generally be dismissed as against it. Apparently in the hope that this action would be dismissed against them, The Jan Winter Corporation and Firearms International Corporation have argued, and the court thinks correctly so, that personal jurisdiction as against them is lacking. However, it is the judgment of the court, as heretofore stated, that the entire action should be transferred to the federal district court of New Jersey, as to all parties, including the abovementioned defendants. A court may transfer an action against defendants over whom it does not have personal jurisdiction, but before reaching that point, an explanation of the court's conclusions that; 1) venue is not properly laid in this district against The Jan Winter Corporation and Firearms International Corporation; and that 2) the court does not and cannot have personal jurisdiction over The Jan Winter Corporation and Firearms International Corporation, is appropriate.

Neither Firearms International Corporation nor The Jan Winter Corporation were served with process within the territorial limits of the district or the state in which this court sits. Usually territorial service of process is required unless under appropriate circumstances extraterritorial service is statutorily prescribed. In anti-trust suits there may be extraterritorial service of process. Section 12 of the Clayton Act (15 United States Code 22) reads as follows:

"Any suit, action, or proceeding under the antitrust laws against a corporation may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business; and all process in such cases may be served in the district of which it is an inhabitant, or wherever it may be found."

The first clause of this statute pertains to venue, and provides that venue is proper in any district in which the corporation inhabits, may be found, or transacts business. The second clause pertains to personal jurisdiction and provides that service of process, assuming venue is proper under the first clause, may be made in any district in which the corporation is an inhabitant or wherever it may be found.

**1258**

A tribunal's personal jurisdiction over a party may not be invoked if service of process is insufficient. The defendants correctly assert that if the extraterritorial process served upon them is to be held valid and sufficient, thereby vesting this court with personal jurisdiction, it must be determined that venue is proper in this district. Extraterritorial service of process, in antitrust suits, is proper and sufficient only if venue lies against the foreign corporation in the district of the forum. Public Service Co. of N. M. v. Federal Pacific Electric Co., 210 F.Supp. 1 (D. C., 1962). Venue in this court would only be proper if it could be determined that the objecting defendants were inhabitants of, could be found in, or transacted business within the district. More precisely, the question of whether venue in this district is proper as to defendants Firearms International Corporation and The Jan Winter Corporation boils down to a determination of whether either of those corporate entities transact business within this district.[1]

Both The Jan Winter Corporation and Firearms International Corporation claim not to transact business in the state or in the territorial district of this court, and it is the opinion of the court that they do not. It is agreed that in order to come within the purview of the "transacts business" clause, the corporation's activities within the district must be substantial. Crawford Transport Company v. Chrysler Corporation, 191 F.Supp. 223 (E.D.Ky.1961); and 3 A.L.R.Fed.Clayton Act—Venue, 120. No evidence has been adduced to show that The Jan Winter Corporation has undertaken any business whatsoever in this state since its incorporation in 1970 or up until the time of the filing of this suit. Similarly, there has been no evidence presented that would indicate that Firearms International Corporation has transacted a substantial amount of business in this district, or in the state, at any time pertinent to the accrual of the plaintiffs' cause of action or to the filing of this suit.[2] Before the time of the acts about which the plaintiffs complain, up until the time of the filing of this suit the present Firearms International Corporation has only made sales to two customers in the state. One of the sales was made to the plaintiffs herein at their behest. The other remaining sale was made to a customer in Louisville, Kentucky, which is outside the bounds of this court's district. There have been no evidentiary facts offered from which this court could conclude that either Firearms International Corporation or The Jan Winter Corporation have at any time relevant to the accrual of this action or the commencement of this suit transacted business in the district of this court.

1. Neither The Jan Winter Corporation nor Firearms International Corporation are authorized to do business in Kentucky nor do they maintain any offices or agents in the state. The Jan Winter Corporation is organized under the laws of Delaware and does not have its principal place of business in Kentucky, and Firearms International Corporation is a New Jersey corporation and does not have its principal place of business in Kentucky. Clearly neither of these corporations are inhabitants of Kentucky, nor may they be found in Kentucky.

2. It is not clear at what time a defendant must have transacted business in a district in order to make the venue clause of Section 12 of the Clayton Act applicable. Cases have held that venue is proper against a corporate defendant in any district in which it was transacting business when the plaintiff's cause of action accrued. On the other hand cases have held that venue is proper in any district in which the defendant was transacting business at the time the complaint was filed. Schreiber v. Loew's, Inc., 147 F.Supp. 319 (1957); and R. J. Coulter Funeral Home, Inc. v. National Burial Ins. Co., 192 F.Supp. 522 (1960). Under either view it makes no difference here for it is clear that the objecting defendants were not transacting business in this district at the time the action arose or at the time the suit was filed.

The plaintiffs infer that the activities within this district of Firearms International's parent corporation and sister subsidiaries may be ascribed to Firearms International thereby enabling venue to be properly laid against it in this court.

Venue over a foreign parent corporation may be based upon the activities of its local subsidiary if the relationship between the subsidiary and parent is such that the subsidiary must be considered an agent of the parent corporation. The activities of the subsidiary will be considered to be those of the parent only if the subsidiary is nothing more than the alter ego or agent of the parent. Northern Kentucky Tel. Co. v. Southern Bell Tel. & T. Co., 54 F.2d 107 (E.D.Ky.1931). Normally where the subsidiary maintains a separate legal identity the presence of it in the district will not be sufficient to bring the foreign parent corporation within the ambit of Section 12 of the Clayton Act.

The situation here is somewhat different than the usual case in that it is the parent corporation rather than the subsidiary which is alleged to be present in the district and whose alleged presence is asserted to be imputable to its subsidiary.[3] Although a court may determine, for purposes of the venue provisions of the Clayton Act, that a parent corporation is acting as the agent of its subsidiary, it is the opinion of this court that Firearms International Corporation is a separate legal entity, sufficiently independent of its parent and affiliates so as not to be considered their agent or alter ego. The mere fact that a parent subsidiary relationship exists is inadequate to constitute one the agent of the other. The affidavits and other evidence submitted clearly establish that neither the parent corporation nor affiliates of Firearms International are transacting business in the territorial district of this court as agents of Firearms International.

The court is satisfied that venue in this district is not appropriate under Section 12 of the Act as to either The Jan Winter Corporation or Firearms International Corporation. Insomuch as venue is improper, extraterritorial service of process was insufficient. The court cannot, therefore, assume personal jurisdiction over The Jan Winter Corporation or Firearms International Corporation.

TRANSFERENCE OF THE ACTION AS TO ALL DEFENDANTS PURSUANT TO SECTIONS 1404(a) OR 1406(a) OF TITLE 28, UNITED STATES CODE.

The defendants state in their memorandum of August 6, 1971, at page 11, that, "This court may, in the exercise of its discretion, transfer this action against all defendants subject to its jurisdiction . . ., pursuant to the provisions of 28 U.S.C. 1404(a) . . .".[4] This statement is only partially correct, for the court, may also, within its discretion, transfer the action as to those defendants over whom it does not have jurisdiction. Although 1406(a) seems to be the more appropriate statute for such a transfer, a court may also transfer an action as to a defendant over whom it does not have jurisdiction under Section 1404(a). In United States v. Berkowitz, 328 F.2d 358 (1964), the United States Court of Appeals for the Third Circuit held that a district court could, under 1404(a), transfer a case to a district where it could have been brought whether or not the transferring court had jurisdiction over the defend-

---

3. In Donlan v. Carvel, D.C., 193 F.Supp. 246 (1961), the plaintiff argued that venue was proper against a foreign subsidiary because of the activities of the subsidiary's parent within the district.

4. Section 1404(a) of Title 28, United States Code reads as follows:
   "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought."

ants. The opinion of the Court included the following language:

"The district court believed that it was without power to transfer this case under § 1404(a) in the absence of jurisdiction over the person of the defendant. But Goldlawr, Inc. v. Heiman, supra (369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962)), conclusively settled that question. It is true that Goldlawr involved an interpretation of § 1406(a). Nevertheless, we think that its rationale applies equally to § 1404(a), for these are companion sections, remedial in nature, enacted at the same time, and both dealing with the expeditious transfer of an action from one district or division to another."

The opinion of the Third Circuit in Berkowitz also included this quotation from the Goldlawr decision:

" 'The language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not.' "

See Ferguson v. Kwik-Chek, 308 F.Supp. 78 (D.C., 1970); Roberts Brothers, Inc. v. Kurtz Bros., 231 F.Supp. 163 (D.C., 1964); and Dubin v. United States, 380 F.2d 813 (1967).

■ In Roberts Brothers, Inc. v. Kurtz Bros., supra, the court noted that:

"The lodestar for the Court is whether justice dictates transfer of a pending action, as contrasted to its dismissal, provided of course, that such action may be transferred to another division or District only if it 'could have been brought' there in the first instance."

This court is satisfied that the present action as against Firearms International and The Jan Winter Corporation could have been brought in the District Court of New Jersey at Newark, and should in the interest of justice be transferred there.

Additionally the court is wholly satisfied that this action could have been brought in and must now be transferred to the District Court of New Jersey at Newark as to all of the remaining defendants. All of the defendants are admittedly corporate citizens of New Jersey or admittedly transact business within the State of New Jersey. Certainly the court is mindful of the plaintiffs' prerogative in selecting the forum in which to prosecute their action, however, it is apparent from the affidavits and evidence which have been submitted that: 1) venue, as to all parties, is proper in New Jersey; 2) most, if not all, of the potential witnesses of the defendants reside in or near by New Jersey; 3) all of the documentary evidence, the amount of which to be produced at trial is likely to be voluminous, is located in New Jersey; and 4) the inconvenience to which the plaintiffs will be subjected is slight in comparison to that which the defendants would be subjected if the case remained in this forum. In short, venue in this district is improper as to two of the defendants and, in the opinion of the court, clearly inconvenient as to the remaining defendants. The court will this day enter an order transferring the record of this case to the Federal District Court of New Jersey at Newark.

■ Inasmuch as it is the judgment of the court that it does not have personal jurisdiction over either The Jan Winter Corporation or Firearms International, the court may not as to these parties make a judicial determination as to whether the complaint states a cause of action upon which relief may be granted. Brown v. Strickler, 422 F.2d 1000 (6 Cir. 1970). For this reason it is the undersigned judge's opinion that it would be both proper and appropriate to reserve ruling upon the defendants' motions to dismiss the complaint for failure to state a claim upon which relief can be granted or in the alternative for a more definite statement for the court of New Jersey.