**EDMUND A. McGUIRE, Plaintiff**

v.

**THE SINGER COMPANY, Defendant**

Civil No. 467/75

District Court of the Virgin Islands

Div. of St. Thomas and St. John

November 21, 1977

JOHN E. STOUT, ESQ. (GRUNERT, STOUT, HYMES & MAYER), St. Thomas, V.I., *for plaintiff Edmund A. McGuire*

BRITAIN H. BRYANT, ESQ. (BRYANT, COSTELLO, BURKE & SCOTT), Christiansted, St. Croix, V.I., *for defendant The Singer Company*

YOUNG, *District Judge*

MEMORANDUM OPINION WITH ORDER ATTACHED

## I

This matter comes before the Court on three motions filed by defendant, The Singer Company, to-wit: (1) defendant has moved to dismiss two counts of the complaint,

which counts allege violations of the Sherman Act, 15 U.S.C.A. §§ 1–7, and Clayton Act, 15 U.S.C.A. §§ 12–27, on the ground that the Court lacks personal jurisdiction over the defendant; (2) defendant has moved the Court to transfer said antitrust counts to a more convenient forum, pursuant to 28 U.S.C.A. § 1404(a); and (3) defendant seeks leave of the Court to amend its answer to the complaint in several respects. Defendant's motion for summary judgment as to counts I, II, III was denied per ruling from the bench on October 19, 1977, subsequent to oral argument of counsel. I will not repeat the reasons supporting my ruling herein; however, the attached Order will encompass said motion.

## II. FACTUAL BACKGROUND

Briefly stated, the complaint sets forth the following scenario. Beginning in 1951, plaintiff, Edmund A. McGuire, was employed as a salesman by Commercial Controls Corporation, an enterprise engaged in the sale of office machinery. Said corporation was subsequently sold to Friden, Inc. and plaintiff was named manager of Friden's central New York operation. In 1963 The Singer Company acquired a controlling interest in Friden, and, beginning in 1968, operated the same as a division of Singer, plaintiff serving as sales manager of its Caribbean branch, headquartered in San Juan, Puerto Rico. In 1968, Singer commenced to exert considerable influence over Friden's sales policies and operations, reducing the number of employees as well as the employee commission rates so as to render the same commensurate with the compensation scheme utilized by Singer within its sewing machine division. Singer also initiated an in-house investigation of the conduct and sales policies of its office machine division personnel. Because the reduced level of compensation precluded plaintiff from maintaining his family in Puerto Rico, plaintiff, in

1969, sought and received a transfer from his Caribbean post, eventually resigning from Singer altogether in February of 1970.

Unbeknownst to plaintiff at the time, an information was filed in St. Thomas on June 15, 1972, charging him with embezzlement of Singer monies and with unlawful flight to avoid prosecution. In December of 1973, plaintiff was arrested in New York City by agents of the Federal Bureau of Investigation on the warrant for unlawful flight and returned to St. Thomas. On November 13, 1974, the District Court dismissed the charges against plaintiff, without prejudice, upon the motion of the United States Attorney. Said order of dismissal was thereafter amended to provide that the dismissal be with prejudice.

Plaintiff avers that his arrest was instigated by defendant and that in so doing, defendant knowingly gave false information to the Office of the U.S. Attorney. In counts I, II, III and IV, plaintiff seeks damages for, respectively, false arrest, abuse of process, wrongful prosecution and defamation. Plaintiff further maintains that Singer wrongfully refused to engage in business dealings with him, and that defendant conditioned its business transactions with third parties in the office machine industry upon their refusal to deal with plaintiff. Accordingly, in counts V and VI, plaintiff seeks damages for the alleged violations of 15 U.S.C.A. §§ 14, 15 and 15 U.S.C.A. §§ 1, 15, respectively. Finally, in count VII, plaintiff seeks compensatory damages for commissions alleged to have been wrongfully withheld by Singer upon plaintiff's aforementioned resignation in 1970.

## III. DEFENDANT'S MOTION TO DISMISS COUNTS V AND VI

Defendant contends that it is not amenable to the personal jurisdiction of this Court by reason of the lan-

guage of 15 U.S.C.A. § 15. (Clayton Act, § 4.)[1] However, said statute constitutes a venue provision unique to antitrust litigation, not a limitation upon the exercise of personam jurisdiction.[2] See, generally, Van Kalinowski, Antitrust Law and Trade Regulation, § 104.04[1] (1977). The permissibility vel non of asserting jurisdiction over the defendant herein is a function of the constitutional requirement of due process of law, and, accordingly, of the traditional "doing business" and "minimum contacts" test expounded upon recently by this Court in Palley v. Martin Marietta Corp., 1977 St. Croix Supp. 275 (D. V.I. 1977). See, also, Norman's on the Waterfront v. West Indies Corp., 10 V.I. 495 (D. V.I. 1974). As to said issue, the affidavits and related materials heretofore filed by the respective parties raise more questions than they resolve, and a proper disposition of defendant's motion to dismiss would require that further discovery be conducted. However, inasmuch as I am of the firm conviction that counts V and VI of the complaint should be transferred pursuant to 28 U.S.C.A. § 1404(a), and since a transfer may be effected irrespective of the transferring court's jurisdiction over the defendant, said issue need not be resolved.[3] Goldlawr, Inc. v. Heiman, 369 U.S. 463 (1962); United States v. Berkowitz, 328 F.2d 358 (3d Cir.), cert. denied, 379 U.S. 821 (1964); Shong Ching Lau v. Change, 415 F.Supp. 627 (E.D. Pa. 1976); Phillip Gall & Son v. Garcia Corp., 340 F.Supp. 1255 (E.D. Ky. 1972).

---

[1] 15 U.S.C.A. § 15 provides:
    Any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefor in any district court of the United States in the district in which the defendant resides or is found or has an agent. . . .

[2] Similarly, § 12 of the Clayton Act, 15 U.S.C.A. § 22, does not address personal jurisdiction. The first clause of said statute speaks to venue, while the latter clause pertains to extraterritorial service of process. Norman's on the Waterfront v. West Indies Corp., 10 V.I. 495, 504–507 (D. V.I. 1974).

[3] Similarly, the related question of whether jurisdiction over the defendant as to counts V and VI need be independently established, given defendant's amenability to suit on the tort counts, need not be reached.

## IV. DEFENDANT'S MOTION TO TRANSFER COUNTS V AND VI

■ Notwithstanding the special venue provisions of the Clayton Act, 15 U.S.C.A. §§ 12, 22, a civil antitrust action may be transferred pursuant to 28 U.S.C.A. § 1404(a). Smithkline Corp. v. Sterling Drug, Inc., 406 F.Supp. 52, 56–7 (D. Del. 1975); 1 Moore's Federal Practice §§ .144 [15], .145[4.-1]. Thus, although the liberal venue provisions of the Clayton Act afford plaintiff a broad range of choice as to forum, the appropriateness of that choice must be measured by the standards of § 1404(a), which governs the transfer of an action properly brought. Ex Parte Collett, 337 U.S. 55 (1949); Paramount Pictures v. Rodney, 186 F.2d 11 (3d Cir. 1950).

■ Defendant contends that counts V and VI should be transferred to the Southern District of New York. In light of the considerable weight to be given plaintiff's choice of forum, defendant has the burden of showing that a transfer would best serve the relative convenience of the parties and witnesses as well as the interests of justice. General Investment Corp. v. Mostek Corp., 417 F.Supp. 821 (D. Del. 1976); Kisko v. Penn. Central Transport Co., 408 F.Supp. 984 (M.D. Pa. 1976); Berkshire Intern. Corp. v. Marquez, 69 F.R.D. 583 (E.D. Pa. 1976); Smithkline Corp. v. Sterling Drug, Inc., 406 F. Supp. 52 (D. Del. 1975).

■ As to the relative convenience to the parties, neither party resides in or maintains its principal place of business in the Virgin Islands. From November of 1970 to the present, plaintiff has resided in New York City. Defendant's principal place of business is in New York City. Neither Singer nor any of its subsidiaries or divisions has business offices, bank accounts, agents or salesmen in the Virgin Islands. Defendant's business records, very much

germane to the antitrust counts, are maintained in New York City.

Of the thirty-five witnesses which plaintiff proposes to call at trial, none live in the Virgin Islands, whereas nearly one third thereof are from the New York City area. While no trial situs would obviate travel and lodging expenses for all witnesses, clearly the choice of the Virgin Islands as forum has unduly maximized said costs and inconveniences.

The facts and circumstances alleged to have spawned the antitrust counts bear no relation whatsoever to the Virgin Islands, unlike the circumstances surrounding the criminal charges filed against plaintiff and the subsequent dismissal of the criminal actions. Counts V and VI pertain to incidents which allegedly occurred in New York, Pennsylvania, Massachusetts, California, Ohio and Florida. By selecting any one of the aforesaid stateside forums plaintiff would have minimized, to some extent, the costs of maintaining this law suit, and would have facilitated access to sources of proof. The choice of the Virgin Islands as forum maximizes said costs, and obstructs access to sources of proof.

In light of the foregoing, I am of the opinion that counts V and VI should be severed from this proceeding and transferred to the Southern District of New York, pursuant to 28 U.S.C.A. § 1404(a). Both parties reside there. Defendant's central business offices are located there. Many of the prospective witnesses are from the New York City area, and a transfer to said forum would decrease the travelling and lodging expenses of all prospective witnesses. Pre-trial discovery and access to proof would be significantly facilitated with the Southern District of New York as forum for the antitrust counts. Finally, the transferee court clearly has subject matter and party jurisdiction, and constitutes a district where the antitrust claims might

have initially been brought. 28 U.S.C.A. § 1404(a). Accordingly, I am fully persuaded that defendant has sustained his burden of showing that the convenience of the parties and witnesses, as well as the interests of justice, would best be served by denying to plaintiff his choice of forum and effecting a transfer of counts V and VI of the complaint to the Southern District of New York.

## V. DEFENDANT'S MOTION FOR LEAVE TO AMEND ITS ANSWER

■ In his complaint, plaintiff avers that defendant filed a claim with the Aetna Casualty Company in New York City for monies which plaintiff had purportedly embezzled while employed by Singer in San Juan. In paragraph 7 of the complaint, plaintiff maintains that Aetna eventually dishonored said claim.

Defendant's answer admits that a claim was filed with Aetna, but defendant neither admits nor denies that the claim was dishonored, leaving plaintiff to his proofs with respect thereto. Defendant, by its motion to amend the answer, seeks to expressly deny that the claim with Aetna was dishonored. Plaintiff would suffer no prejudice from said amendment. Accordingly, the amendment to paragraph 7 of defendant's answer will be allowed.

■ Count I of the complaint is based upon the tort of false arrest. Defendant seeks leave of Court to add a third and fourth affirmative defense thereto, to-wit: (1) that plaintiff's arrest was instigated solely upon the initiative of United States Attorney who caused to be issued the warrant for plaintiff's arrest only after conducting an independent investigation; and (2) that the action set forth in count I is barred by the statute of limitations, 5 V.I.C. § 31. Plaintiff contends that the allowance of said amendments nearly two years after the commencement of the action

"would drastically serve to change defendant's theory of defense as a whole" thereby prejudicing the plaintiff.

I am of the opinion that defendant should be permitted to so amend its answer. Counts II and III, based respectively on the torts of abuse of process and wrongful prosecution, stem from the same underlying facts and circumstances. In its answer defendant raises as an affirmative defense to count II, that the statute of limitations bars said action. Defendant's first affirmative defense to count III avers that the prosecution of plaintiff was a function of the U.S. Attorney's independent decision. Inasmuch as said defenses are very much similar, if not identical, to the amendments now proposed by defendant, it does not appear that plaintiff would be unduly prejudiced thereby. Accordingly, defendant's motion for leave to amend will be granted in all respects.

### ORDER

In accordance with the reasons set forth in the Memorandum Opinion of even date herewith, it is hereby

ORDERED, that the motion of defendant The Singer Company for the entry of summary judgment in its favor on Counts I, II and III of the complaint be and the same is hereby DENIED: and it is further

ORDERED, that Counts V and VI of the complaint be and the same are hereby SEVERED from the instant lawsuit, and the Clerk of Court is hereby directed to TRANSFER Counts V and VI of the complaint to the Chief Judge of the United States District Court for the Southern District of New York; and it is further

ORDERED, that the motion of defendant The Singer Company for leave to amend its answer be and the same is hereby GRANTED.