5 F.3d 540
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Truman SYLLING, formerly d/b/a Sylling Distributors,
Plaintiff-Appellant,
v.
WESTINGHOUSE CORPORATION, a Pennsylvania Corporation, et
al., Defendants-Appellees.
 No. 92-55167.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 10, 1993.*
Decided Sept. 3, 1993.
 
 Appeal from the United States District Court for the Southern District of California, No. CV-90-0167-E; William B. Enright, District Judge, Presiding.
 S.D.Cal.
 AFFIRMED.
 Before: KOZINSKI, SILER**, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Sylling appeals the district court's dismissal of his antitrust action against Westinghouse and its subsidiary distributors for predatory pricing. His claims under Sec. 2 of the Robinson-Patman Act, 15 U.S.C. Sec. 13, the California Unfair Practices Act, Cal.Bus. & Prof.Code Sec. 17000 et seq., and for breach of contract, were dismissed for failure to state a claim for relief. We affirm.
 
 
 3
 A. Price Discrimination Under Robinson-Patman Act.
 
 
 4
 Sylling argues that his First Amended Complaint adequately states a claim under Sec. 2(a) of the Robinson-Patman Act, 15 U.S.C. Sec. 13(a). We review de novo a district court's dismissal of an action for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). Oscar v. University Students Co-operative Ass'n, 965 F.2d 783, 785 (9th Cir.) (en banc), cert. denied, 113 S.Ct. 655 (1992). Our review is limited to the contents of the complaint, and we take all allegations of material fact as true, and construe them in the light most favorable to the nonmoving party. Buckey v. County of Los Angeles, 968 F.2d 791, 194 (9th Cir.), cert. denied, 113 S.Ct. 599 (1992).
 
 
 5
 In order to establish a prima facie violation of 15 U.S.C. Sec. 13(a), it is necessary to allege facts showing the existence of six elements:
 
 
 6
 (1) Two or more contemporaneous sales by the same seller....
 
 
 7
 (2) At different prices....
 
 
 8
 (3) Of commodities of like grade and quality....
 
 
 9
 (4) Where at least one of the sales was made in interstate commerce....
 
 
 10
 (5) The discrimination had the requisite effect upon competition generally....
 
 
 11
 (6) The discrimination caused injury to the plaintiff....
 
 
 12
 Rutledge v. Electric Hose & Rubber Co., 511 F.2d 668, 677 (9th Cir.1975) (citations omitted).
 
 
 13
 Sylling's First Amended Complaint does not allege contemporaneous sales by the same seller at different prices. Sylling alleges that Seven-Up undercut his price to certain customers by more than two dollars per case of Dole products, but does not allege that Seven-Up sold the cases at different prices to different customers. He also alleges that in April, 1987, he was paying Seven-Up $6.40 per case of soda, yet on April 29, 1987, Seven-Up sold the same cases to a particular customer of Sylling's for only $5.95. This April 1987 allegation looks like contemporaneous sales at different prices, but is not. Sylling's price was set by a contract entered into in May, 1986. Since the date of the contract setting the price is the controlling date for comparing sales, Texas Gulf Sulphur Co. v. J.R. Simplot Co., 418 F.2d 793, 806 (9th Cir.1969), Sylling failed to allege that the two sales were contemporaneous.
 
 
 14
 We need not reach the question of whether Sylling alleged price discrimination harmful to competition.
 
 
 15
 B. State Claims.
 
 
 16
 In addition to the federal antitrust claims, Sylling raises claims under state law for breach of contract and for violations of the California Unfair Practices Act, Cal.Bus. & Prof.Code Sec. 17000 et seq. The district court held that Sylling failed to state a claim upon which relief could be granted as to all of his claims, and, alternatively, dismissed Sylling's unfair practices claims on the ground that they were improperly added to the amended complaint.[1] We review a district court's dismissal of an action for failure to state a claim de novo, Oscar, 965 F.2d at 785, and its denial of leave to amend a pleading for abuse of discretion, Nugget Hydroelectric, L.P. v. Pacific Gas & Elec. Co., 981 F.2d 429, 436 (9th Cir.1992), cert. denied, 1993 WL 3653 (1993).
 
 
 17
 When it dismissed Sylling's original complaint, the district court granted him leave to amend "only to the extent necessary to cure the deficiencies raised by defendants." Despite this limiting language, Sylling added unfair practice claims to his First Amended Complaint. The district court dismissed these claims on the ground that Sylling had gone beyond the scope of the leave to amend.[2] This was not an abuse of discretion, and Sylling's claims under the California Unfair Practices Act were properly dismissed.
 
 
 18
 The district court also properly dismissed the breach of contract claims for failure to state a claim upon which relief may be granted. The contracts alleged by Sylling were terminable at will, and thus his allegations were inadequate to establish a breach by Seven-Up, or compensable damages. Kolling v. Dow Jones & Co., Inc., 137 Cal.App.3d 709, 718-19, 187 Cal.Rptr. 797, 803-04 (Cal.App. 1 Dist.1982). Thus, we affirm the dismissal of Sylling's state claims.
 
 
 19
 C. Venue.
 
 
 20
 Sylling argues that the district court should not have moved his case from the Western District of Washington because the venue provision of Clayton Act, 15 U.S.C. Sec. 22, was intended to make it easier for plaintiffs to bring suit in federal court. We review a district court's decision to transfer venue pursuant to 28 U.S.C. Sec. 1404(a) for an abuse of discretion. Lou v. Belzberg, 834 F.2d 730, 734 (9th Cir.1987), cert. denied, 485 U.S. 993 (1988). The district court noted that all activities alleged in the complaint occurred in California; only the parent corporation, Westinghouse, does business in Washington; the complaint alleged no wrongful acts by Westinghouse; and Sylling's Washington residency is disputed. Under the circumstances, it was not an abuse of discretion to order a transfer of venue to the Southern District of California.
 
 
 21
 D. Discovery.
 
 
 22
 Sylling challenges the district court's denial of his motion to compel discovery. We review district court rulings concerning discovery for abuse of discretion. United States v. Bourgeois, 964 F.2d 935, 937 (9th Cir.), cert. denied, 113 S.Ct. 290 (1992). A district court may stay discovery when it is convinced that plaintiff will be unable to state a claim for relief. Wood v. McEwen, 644 F.2d 797, 801 (9th Cir.1981), cert. denied, 455 U.S. 942 (1982). Here, the district court correctly determined that Sylling failed to state a claim for relief. Thus, it was not an abuse of discretion to deny Sylling's motion to compel discovery, and to stay discovery until the motion to dismiss was decided.
 
 
 23
 The district court is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 The Honorable Eugene E. Siler, United States Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Before offering its alternative grounds, the district court dismissed the state claims for lack of pendant jurisdiction. But Sylling also identified diversity as a grounds for jurisdiction over his state claims. Since his First Amended Complaint, on its face, sets forth a sufficient basis for diversity jurisdiction, we consider the alternative grounds offered by the district court
 
 
 [2]
 Any new claims raised under the California Unfair Practices Act would have been barred by the four year statute of limitations. Cal.Bus. & Prof.Code Sec. 17208. The alleged violations by Seven-Up occurred in April, 1987, and Sylling filed the First Amended Complaint on July 30, 1991