JM COMPUTER SERVICES,
INC., Plaintiff,

v.

SCHLUMBERGER TECHNOLOGIES,
INC., Defendant.

No. 95 Civ. 0437 (LAP).

United States District Court,
S.D. New York.

April 26, 1995.

Steven M. Kramer, Steven M. Kramer & Associates, New York City, for plaintiff.

**MEMORANDUM AND ORDER**

PRESKA, District Judge:

Defendant Schlumberger Technologies, Inc. ("Schlumberger") seeks to transfer the above-captioned action from the Southern District of New York to the Northern District of California. Plaintiff JM Computer Services, Inc. ("JM Computer") opposes such a transfer. Construing the parties' letters and the discussion at the conference held on April 20, 1995 to be the motion and plaintiff's response, defendant's motion is granted, and this case shall be transferred to the Northern District of California.

The statutory provision at issue in this action is § 1404(a), which states:

For convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a). The factors that a district court considering a § 1404(a) transfer include:

(1) the place where the operative facts occurred; (2) the convenience to parties; (3) the convenience of witnesses; (4) the relative ease of access to sources of proof; (5) the availability of process to compel attendance of unwilling witnesses; (6) the plaintiff's choice of forum; (7) the forum's familiarity with the governing law; and (8) trial efficiency and the interest of justice.

*Associated Artists Entertainment, Inc. v. Walt Disney Pictures*, No. 93 Civ. 3934 (RJW), 1994 WL 708142 at *2 (S.D.N.Y. Dec. 19, 1994) (citations omitted). *See also Carrie Forbes, Inc. v. Gap, Inc.*, No. 94 Civ. 5337 (LLS), 1994 WL 693554 at *1 (S.D.N.Y. Dec. 9, 1994) (citations omitted).

■ In considering these factors in the context of the instant case, there is little doubt that transferring this action to the Northern District of California is appropriate. Neither party is a New York corporation or has its principal place of business in New York. (Def. 4/10/95 Ltr. at 3.) [1] More

---

**1.** Reference is made to the letter of John A. Herfort, counsel for defendant, dated April 10, 1995.

importantly, however, is the fact that most of the personnel responsible for Schlumberger's practices are located at its headquarters in San Jose, California, within the Northern District of California. (Def. 4/10/95 Ltr. at 2, 7.) In examining plaintiff's list of witnesses it deems likely to be called by the parties, it is apparent that there are more witnesses within the subpoena power of the Northern District of California than there are within the subpoena power of this Court. (Pl. 4/14/95 Ltr., Ex. 3.)[2] Finally, the principal documents relevant to this action are also located in San Jose. (Def. 4/10/95 Ltr. at 7.) Given these circumstances, transfer to the Northern District of California is appropriate.

■ At the conference, plaintiff argued that § 1404(a) does not apply to antitrust cases where venue is governed pursuant to 15 U.S.C. § 22. However, such a position is certainly not supported by the statutory language,[3] and plaintiff has not cited any cases in support of its position. In fact, the cases indicate that § 1404(a) is applicable to cases such as these. *E.g., United States v. National City Lines, Inc.,* 337 U.S. 78, 69 S.Ct. 955, 93 L.Ed. 1226 (1949) (holding that § 1404(a) is applicable to antitrust suits). Furthermore, courts have specifically rejected the argument that a § 1404(a) transfer is inappropriate in antitrust cases:

2. Reference is made to the letter of Steven Kramer, counsel for plaintiff, dated April 14, 1995.

3. The relevant statutory provision, entitled "District in which to sue corporation", states:

Any suit, action, or proceeding under the antitrust laws against a corporation may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business; and all process in such cases may be served in the district of which it is an inhabitant, or wherever it may be found.
15 U.S.C. § 22.

4. In addition, I note the unreported decision of the Court of Appeals for the Ninth Circuit in *Sylling v. Westinghouse Corp.,* 5 F.3d 540, 1993 WL 339959 (9th Cir. Sept. 3, 1993) (Table, Text in Westlaw, No. 92–55167), in which the plaintiff appealed, *inter alia,* the district court's transfer of his antitrust action against Westinghouse:

Notwithstanding the special venue provisions of the Clayton Act, 15 U.S.C.A. §§ 12, 22, a civil antitrust action may be transferred pursuant to 28 U.S.C.A. § 1404(a). *Smithkline Corp. v. Sterling Drug, Inc.,* 406 F.Supp. 52, 56–7 (D.Dela.1975); 1 Moore's Federal Practice §§ .144[15], .145[4.–1]. Thus, although the liberal venue provisions of the Clayton Act afford plaintiff a broad range of choice as to forum, the appropriateness of that choice must be measured by the standards of § 1404(a), which governs the transfer of an action properly brought. *Ex parte Collett,* 337 U.S. 55, 69 S.Ct. 944, 93 L.Ed. 1207 *Paramount Pictures v. Rodney,* 186 F.2d 111 (3d Cir.1950).

*McGuire v. Singer Co.,* 441 F.Supp. 210, 213 (V.I.1977). *See also International Show Car Ass'n v. American Soc'y of Composers, Authors & Publishers,* 806 F.Supp. 1308, 1312 (E.D.Mich.1992).[4] In addition, courts have rejected the suggestion that a higher standard must be met in order to transfer antitrust cases. *International Show Car Ass'n,* 806 F.Supp. at 1312 (stating that "contrary to plaintiff's assertion that there is a higher standard for those seeking to transfer antitrust cases, … plaintiff's choice of forum need not be given additional weight merely because plaintiff brings an antitrust claim against defendants"). Consequently, plaintiff's suggestion that § 1404(a) is inapplicable to the instant case is incorrect, and is hereby

[Plaintiff] argues that the district court should not have moved his case from the Western District of Washington because the venue provision of Clayton Act [sic], 15 U.S.C. § 22, was intended to make it easier for plaintiffs to bring suit in federal court. We review a district court's decision to transfer venue pursuant to 28 U.S.C. § 1404(a) for an abuse of discretion. The district court noted that all activities alleged in the complaint occurred in California; only the parent corporation, Westinghouse, does business in Washington; the complaint alleged no wrongful acts by Westinghouse; and [plaintiff's] Washington residence is disputed. Under the circumstances, it was not an abuse of discretion to order a transfer of venue to the Southern District of California.
1993 WL 339959 at *2 (citations omitted). *Sylling* is not binding upon this Court, but the reasoning of the Court of Appeals is instructive nonetheless.

ORDERED that the instant case shall be transferred to the Northern District of California pursuant to 28 U.S.C. § 1404(a).