# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 7, 2026

Lyle W. Cayce
Clerk

—————

No. 25-40788

—————

In re Google, L.L.C.,

*Petitioner.*

—————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 2:25-CV-89

—————————————————

Before Haynes, Higginson, and Ho, *Circuit Judges*.

James C. Ho, *Circuit Judge*:

"It is no well-kept secret that litigation involves strategy," and "a plaintiff's choice of venue involves strategic thinking." *Texas v. U.S. Dep't of Homeland Sec.*, 661 F. Supp. 3d 683, 693 (S.D. Tex. 2023). Our rules "invite[] counsel in an adversary system, seeking to serve his client's interests, to select the forum that he considers most receptive to his cause." *McCuin v. Tex. Power & Light Co.*, 714 F.2d 1255, 1261 (5th Cir. 1983). So we expect lawyers to zealously advocate for their clients—and we expect judges to faithfully apply the law.

Google, LLC petitions for a writ of mandamus, challenging the district court's refusal to transfer a suit filed against it by Branch Metrics, Inc., to the Northern District of California. Google argues that the district court plainly abused its discretion in the calculation and balancing of the factors governing

No. 25-40788

transfer.  We agree and thus grant the writ of mandamus and direct the district court to transfer this case to the Northern District of California.

## I.

This dispute originally stems from a suit by the United States against Google.  *See United States v. Google LLC*, 747 F. Supp. 3d 1, 104–06, 169–70 (D.D.C. 2024).  That court held that Google illegally maintained monopoly power in the general online search and search advertising markets when it formed exclusive agreements that caused anticompetitive harm.  *See id.* at 187.

That litigation was important to Branch Metrics, a company that created a search engine for applications using "deep linking" technology, which allows users to search across pages of mobile applications on a particular device and navigate to relevant application results.  *Id.* at 37.

Branch brought this action based on documents uncovered during the D.C. litigation, alleging that Google violated the Sherman Act.  Branch chose to bring this suit in the Eastern District of Texas.

Google sought to transfer the action to the Northern District of California, pursuant to 28 U.S.C. § 1404(a).  Google argued that most of the witnesses were located in California, and that the sources of proof were located at or near NDCA.  The district court granted venue discovery, and ultimately denied Google's motion to transfer.

## II.

Mandamus relief is warranted where (1) there are no other adequate means to attain the relief the petitioner desires; (2) a petitioner's right to issuance of the writ is clear and indisputable; and (3) the writ is appropriate under the circumstances.  *See Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380–81 (2004).

In venue transfer disputes under § 1404, the question is whether the petitioner's right to issuance of the writ is clear and indisputable, since that question "captures the essence of the disputed issue." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 311 (5th Cir. 2008) (en banc). In examining whether the petitioner has a right to the writ, we consider whether there was a "clear abuse of discretion." *Id.* at 308. It's an abuse of discretion if the district court relied on erroneous conclusions of law or misapplied the law to the facts. *Id.* at 310.

We hold that the district court misapplied the law in this case.

## A.

Section 1404(a) allows district courts to transfer certain cases "[f]or the convenience of parties and witnesses" and "in the interest of justice." The moving party bears the burden of showing "good cause" for the transfer. *Def. Distributed v. Bruck*, 30 F.4th 414, 433 (5th Cir. 2022). The new venue must be "clearly more convenient" than the alternative. *Volkswagen*, 545 F.3d at 315. This standard reflects the fact that courts ordinarily defer to the plaintiff's choice of venue. *See id.*

To determine whether there is good cause for a transfer, we apply the eight-factor test adopted by our court in *Volkswagen*. *Id.* at 315. These factors fall into two buckets, the private interest factors and the public interest factors. *Id.* The private interest factors are (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Id.* The public interest factors are (5) the administrative difficulties flowing from court congestion; (6) the local interest in having localized interests decided at home; (7) the familiarity of the forum with the law that will govern the case; and (8) the avoidance of unnecessary problems

of conflict of laws or in the application of foreign law. *Id.* No factor is dispositive. *See*, *e.g.*, *In re TikTok, Inc.*, 85 F.4th 352, 358 (5th Cir. 2023).

**B.**

The district court found that three private interest factors (factors 1, 2, and 4) weighed slightly in favor of transfer, one public interest factor (factor 5) weighed against transfer, and that the rest of the factors were neutral. It ultimately denied the petition to transfer.

This was wrong for two reasons.

First, the district court incorrectly analyzed the fifth factor—"the administrative difficulties flowing from court congestion." *Clarke*, 94 F.4th at 509. The district court found this factor "weighs against transfer." In doing so, it relied on evidence suggesting that its median time to disposition and trial was faster than NDCA.

This factor is a weak signal at best compared to the others. As we have said, the court-congestion factor is the most "speculative" of the *Volkswagen* factors, because "measuring congestion is easier said than done." *Id.* at 515. "Docket conditions are not decisive." *Id.* (cleaned up). *See*, *e.g.*, 8 WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 3854 (4th ed.); *accord In re Genentech, Inc.*, 566 F.3d 1338, 1347 (Fed. Cir. 2009). Respondent contends that this logic only applies to *grants* of transfer. But we don't see the logic in that claim. What is good for a grant must be good for a denial.

The docket conditions gleaned from median litigation timelines are particularly unreliable here, because this is a complex case. Complex litigation exceeds a district court's average time-to-trial, due to greater discovery and briefing demands. *See*, *e.g.*, *Rembrandt Vision Techs., L.P. v. Johnson & Johnson Vision Care, Inc.*, 2011 WL 2937365, at *3 (E.D. Tex. July 19, 2011); *Adams v. Experian Info. Servs., Inc.*, 2021 WL 4891381, at *5 (E.D.

Tex. Oct. 20, 2021). So even if we give weight to a district court's view of court congestion in the rare case, that factor is unhelpful here. The median time-to-trial has little to no bearing on the potential delay in a complex case like this one. We hold that this factor does not weigh against transfer here.

There's a second problem. Even if the court congestion factor deserved any weight, the district court erred by using that factor to override all other factors. We have held that "no factor" in the test is accorded "dispositive weight." *Clarke*, 94 F.4th at 515. But the district court did just that here. The district court found all other factors either tipped in favor of transfer or were neutral. So the district court's determination about court congestion singlehandedly defeated transfer, in violation of our precedent. *Id.*

Branch's arguments to the contrary fail. Its primary counterargument is that the court congestion factor was not actually dispositive. First, the district court noted that the factor is speculative and "standing alone it should not outweigh other factors." Second, we have held that the analysis is not a "raw counting of the factors." *In re Radmax, Ltd.*, 720 F.3d 285, 290 n.8 (5th Cir. 2013). But the district court's own reasoning makes clear that the court congestion factor outweighed all other factors supporting transfer. The district court did not identify any other factor to favor the denial of transfer.

Alternatively, Branch contends that the Clayton Act "amplifies" the ordinary deference that a plaintiff's choice of forum ordinarily receives. Citing *United States v. National City Lines*, 334 U.S. 573 (1948), Branch asserts that the Clayton Act alters § 1404(a). *Id.* at 579. But the Court made clear in a subsequent decision that § 1404(a) is applicable to antitrust suits. *See United States v. National City Lines*, 337 U.S. 78, 84 (1949). The liberal venue provisions of the Clayton Act allow a plaintiff to select from a broad

range of possible forums.  But the appropriateness of their selection is still measured by the standards of § 1404(a).  *Cf. Ex parte Collett*, 337 U.S. 55 (1949).  Branch's reading of the Clayton Act has been consistently rejected by virtually every court to have considered the issue since the 1980s.  *See*, *e.g.*, *JM Computer Servs., Inc v. Schlumberger Techs., Inc.*, 886 F. Supp. 358, 359 (S.D.N.Y. 1995); *Int'l Show Car Ass'n v. Am. Soc. of Composers, Authors & Publishers*, 806 F. Supp. 1308, 1312 (E.D. Mich. 1992).  We decline Branch's invitation to take a different approach.

\* \* \*

The petition for writ of mandamus is granted.  The district court is ordered to transfer this case to the Northern District of California.

No. 25-40788

STEPHEN A. HIGGINSON, *Circuit Judge*, dissenting:

For three reasons, I respectfully dissent. First, in *Volkswagon*, we highlighted the fact-specific nature of the district court's § 1404(a) inquiry and assured we would not intrusively re-examine facts. *In re Volkswagon of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) ("we stress—in no case will we replace a district court's exercise of discretion with our own; we review only for clear abuses of discretion that produce patently erroneous results"). Second, the majority is correct to highlight the ambiguity of the fifth *Gilbert* factor, but that lack of clarity is ours, so a difficult basis on which to assign patent error. We should clarify the law before we fault a district court for being indisputably wrong about it.  Most important, our court in *Chamber of Commerce* recently emphasized it is the movant's burden in these cases:

> Fleshing out § 1404(a)'s requirements, we have held that the party who seeks the transfer must show good cause…. It is the movant's burden—and the movant's alone—to adduce evidence and arguments that clearly establish good cause.
>
> Importantly, we made clear that this standard is not met if the movant merely shows that the transferee venue is more likely than not to be more convenient. Likewise, the fact that litigating would be more convenient for the defendant elsewhere is not enough to justify transfer. The bar is much higher: to establish 'good cause,' a movant must show (1) that the marginal gain in convenience will be *significant*, and (2) that its evidence makes it plainly obvious—i.e., clearly demonstrated—that those marginal gains will *actually* materialize in the transferee venue.

*In re Chamber of Commerce of United States of Am.*, 105 F.4th 297, 303-04 (5th Cir. 2024) (internal quotations and citations omitted) (emphasis in original). I see no factual error in the district court's focus and determination that Google did not meet its burden.